WILLIAM MELVIN v. JOHN WADDELL and ADALINE LITTLE.

The question of the presumption of a grant from adverse possession, has never been regarded as one to be decided upon natural presumptions as to facts; but upon a statutory or arbitrary rule established by the Legislature, or by the Courts, to prevent the uncertainty of titles, which would arise if the questions in each case were to be determined by a jury, on their belief of the fact, derived from a consideration of all the circumstances in evidence.

If there has been an adverse possession for any time short of thirty years, it is not a circumstance to be submitted to a jury, either alone or with others of like tendency, as evidence upon which they may find the fact of a grant. But on an adverse possession of thirty years, a jury is not at liberty to find that *in fact* no grant ever issued.

A plaintiff, in proving the title out of the State, by an adverse possession of thirty years, may avail himself of any possession by others, adverse to the State, although he may not be able to connect himself with them.

Where there was evidence tending to prove a possession of twenty years by the person, and those claiming under him, from the plaintiff derived his title, the charge of the Judge that in such case, and the title being out of the State, the jury might presume a deed to him or them, from any person having a title, was not erroneous.

Where a widow, without authority, puts a son-in-law in possession of a tract of land belonging to the estate of her deceased husband, and the son-in-law, without having a deed, sells the land, making a deed in fee for the same to the purchaser; in an action against one in possession, claiming under the said son-in-law: HELD, that neither the possession of the son-in-law, nor that of those claiming under him, was adverse to the heirs of the deceased husband, or of those claiming title under them.

(*Reed* v. *Ernhart*, 10 Ired., 516; *Bullard* v. *Barksdale*, 11 Ired., 461; *Candler* v. *Lunsford*, 4 Dev. & Bat., 407; and *Callender* v. *Sherman*, 5 Ired., 711, cited and approved.)

CIVIL ACTION, in the nature of *Ejectment*, tried before BUXTON, J., at January Term, 1876, of CUMBERLAND Superior Court.

The summons in this case issued 8th November, 1871.

The land, which is the subject of the action, is a town lot in Fayetteville, three quarters of an acre on Munford street.

The defendant, Adaline Little, admitted that she was in possession by her tenants, John Waddell & Co., but denies the right of the plaintiff to recover.

The plaintiff read in evidence a deed in fee from Robinson Munford to Johnson, Hall & Co., dated 10th April, 1816, which covers the land in dispute and several acres of the adjoining land.   It was also in evidence that this lot, included in the enclosure of five acres, wás in possession of and claimed by the firm of Hall & Johnson, as far back as in 1830.   It was cultivated as a meadow, being part of Munford Swamp.   John H. Hall and Constant Johnson composed the firm of Hall & Johnson.   In 1840 this property was divided, and Constant Johnson took separate possession of the lot in dispute, claiming it as his own until his death.

The plaintiff then read in evidence the record of a petition for partition, instituted in the Probate Court of Cumberland County on the 10th May, 1870, in the case of *Robert Johnson* v. *Heirs-at-law of Constant Johnson and Executor and Heirs of John H. Hall.*

In this proceeding, it was in evidence that all the heirs-at-law were made parties.   A decree of sale for the purpose of partition was ordered, and C. W. Broadfoot was appointed commissioner to make the sale.   The sale was made of the land in dispute, and the plaintiff, Wm. Melvin, became the purchaser ; a report of the same was returned to Court and duly confirmed, and a deed, dated 6th July, 1871, was made by the commissioner, Broadfoot, to the purchaser, Melvin, the plaintiff in this action.

The plaintiff then, for the purpose of estopping the defendant, read in evidence a deed from E. F. Moore to T. S. Lutterloh, for the land in dispute, dated 27th October, 1858 ; also a deed from T. S. Lutterloh to George Holmes, dated 25th September, 1863 ; and a deed from George Holmes to the defendant, Adaline Little, dated 12th May, 1868, all for the same land.

The object of introducing these conveyances, the case states, was to show that Adaline Little, the defendant, claimed under E. F. Moore, who was a son-in-law of Mrs. Constant Johnson.   It was in evidence, that after the death of Constant Johnson, his widow, now deceased, continued to occupy this land, claiming it as the property of her husband's estate.  She let E. F. Moore into possession, and he, without obtaining a deed, sold the same to T. S. Lutterloh, who sold to George Holmes, who sold to the defendant as above stated.

There was evidence of the annual value of the property.

The defendants offered no evidence, but asked his Honor to charge the jury that the plaintiff could not recover, because:

(1.) That title to the property had not been shown out of State.

(2.) That there was no evidence of any connection or identity of the firm of Hall and Johnson, under whom the plaintiff claims, with the firm of Johnson, Hall & Co., who took the deed from Robinson Munford on 10th April, 1816.

(3.) That the series of deeds commencing with the one from E. F. Moore to T. S. Lutterloh, on 27th October, 1858, down to the one under which the defendant claims, together with the possession under them, was adverse to the plaintiff.

The first instruction his Honor declined to give, and in relation thereto charged the jury: That the fact that the property was situated in an old incorporated town like Fayetteville; that it had been the subject of conveyance between private parties, so far back as the date of the deed from Munford to Johnson, Hall & Co., which was 10th April, 1816, and had been so long treated as private property, were circumstances from which they might presume a grant. Defendants excepted.

To the second instruction asked for, his Honor charged the jury: That it was true, that no connection or identity of

the firm of Hall & Johnson with that of Johnson, Hall & Co., had been shown in evidence. Still there was evidence of possession by Hall & Johnson and those claiming under them, since 1830 ; and from twenty years occupation, the title being out of the State, they might presume a deed. Defendants excepted.

To the third instruction asked for, his Honor charged : That if E. F. Moore acquired the possession from the widow of Constant Johnson, that neither his possession nor that of any one claiming under him, was adverse to the heirs-at-law of Constant Johnson, or to any one claiming under them ; and if it was adverse, still it had not continued long enough, that is, seven years, (not counting the time of suspension of the statute from 1861 to 1870,) to ripen the color of title conveyed to defendant. Defendant excepted.

There was a verdict for the plaintiff and judgment ; from which defendant appealed.

*Merrimon, Fuller & Ashe* and *B. Fuller & Sutton,* for appellant.

*Hinsdale,* contra, filed the following brief :

1. To bar the State we may count the time of adverse possession up to the commencement of this action. *Simpson* v. *Hyatt,* 1 Jones, 317 ; *Mason* v. *McLean,* 13 Ired., 262 ; *Reed* v. *Earnhart,* 10 Ired , 516 ; *Fitzrandolph* v. *Norman,* N. C. Term.

2. The defendant, *claiming under Moore,* is estopped to deny plaintiffs title. Bigelow on Estoppel, 383–384 ; *Lunsford* v. *Alexander,* 4 Dev. & Bat., 40 ; *Smart* v. *Smith,* 2 Dev., 258 ; *Yarborough* v. *Harris,* 3 Dev., 40 ; *Burnitt* v. *Roberts,* 4 Dev., 81 ; *Love* v. *Edmonston,* 1 Ired., 152 ; *Calender* v. *Sherman,* 5 Ired., 711 ; *Freeman* v. *Heath,* 13 Ired., 498. Moore had been a tenant at will of the Johnson heirs ; 2 Bl. Com., 59, 104, 105 ; 4 Kent Com., 110 ; 2 Crabb, Real Prop., 403, sec.

1,543 ; Cruise Digest, Tit. IX, chap. 1. ; *Humphries* v. *Humphries*, 3 Ired., 362 ; Taylor Land & Ten., sec. 60 ; *Phelps* v. *Blount*, 2 Dev., 177 ; *Sikes* v. *Bosnight*, 2 Dev. & Bat., 157 ; *Gilliam* v. *Bird*, 8 Ired., 280.

3. No act of a tenant will turn his possession adverse to his landlord, unless it shall have been brought to the knowledge of the landlord. So Moore's deed to Lutterloh cannot have this effect. Tyler on Eject. and Ad. Poss., 876–877.

4. When a party is in possession of land, and registered deeds are produced by the opposite party, nothing else appearing, it will be taken *prima facie* that he entered and holds under such deeds. *Register* v. *Rowell*, 3 Jones, 312.

5. Where plaintiff and defendant both claim under the same title, it is not competent for either party to deny such title. *Murphy* v. *Barrett*, 2 Murph., 251, S. C. 1 Car. L. R., 106 (14) ; *Ives* v. *Sawyer*, 4 Dev. & Bat., 51 ; *Norwood* v. *Morrow*, 4 Dev. & Bat., 442 ; *Johnson* v. *Watts*, 1 Jones 228 ; *Feimster* v. *McRorie*, 1 Jones, 547 ; *Boswick* v. *Wood*, 3 Jones, 306 ; *Register* v. *Rowell*, 3 Jones, 312 ; *Brown* v. *Smith*, 8 Jones, 331.

RODMAN, J. *The first exception of the defendant* is to the instructions of the Judge to the jury, that from the facts that the *locus in quo* was in an old town and had been conveyed as early as 1816, they might presume that the title was out of the State. We do not know of any authority for this proposition, and it might often lead to false conclusions. There are several unoccupied lots in Raleigh, which it is well known that the State has never granted. If the question was, whether the State, *in fact*, had granted certain land, then in case no grant could be produced, it might be open to proof as questions of fact in general are, by the proof of any circumstances which might make the fact that a grant had or had not issued more or less probable.

But the question of the presumption of a grant from adverse possession, has never been regarded as one to be de-

cided upon natural presumptions as to the fact, but upon a statutory or arbitrary rule, established by the Legislature or by the Courts, to prevent the uncertainty of titles which would arise, if the question in each case were to be determined by a jury on their belief of the fact derived from a consideration of all the circumstances in evidence. If there has been an adverse possession for any time short of thirty years, it is not a circumstance to be submitted to a jury, either alone or with others of like tendency, as evidence upon which they may find the fact of a grant. But on an adverse possession of thirty years, a jury is not at liberty to find that *in fact* no grant ever issued. These views are fully sustained by *Reed* v. *Earnhart*, 10 Ired., 516; *Bullard* v. *Barksdale*, 11 Ired., 461, and the other cases cited by plaintiff's counsel, and by sec. 18 of C. C. P.

This error of the Judge, however, did not prejudice the defendant, for it sufficiently appears upon admitted facts, that the title was out of the State at the commencement of the action. If the question is to be decided upon the law existing prior to the Code, it appears from *Reed* v. *Earnhardt, ante,* and *Candler* v. *Lunsford,* 4 Dev. & Bat., 407, that a plaintiff in proving the title out of the State by an adverse possession of thirty years, may avail himself of any possession by others adverse to the State, although he may not be able to connect himself with them. The possession of the plaintiff, coupled with that of Moore, Lutterloh and others under whom defendant claims, which, while adverse to the plaintiffs, was also adverse to the State, exceeded thirty years, after deducting the time during which the presumption did not run.

Whether section 18 of the Code of Civil Procedure applies in this action, and whether it makes any change in the former law, we need not inquire, for it seems to have been conceded at the trial that the former law governed the case. The defendant did not except to the judges ruling, on the

Melvin v. Waddell and Little.

ground that the law had been changed by the Code, and he took no such ground in the argument here.

*Second exception of defendant.* The Judge told the jury that there was evidence tending to prove a possession of twenty years by Constant Johnson and those claiming under him, and that the title being out of the State, they might presume a deed to him or them from any person having a title.

There is no error in this. We conceive it to be settled law. See C. C. P., sec. 23.

*Third exception of defendant.* The Judge told the jury that if Moore acquired the possession from the widow of Constant Johnson, as her tenant, that neither his possession nor that of any one claiming under him, was adverse to the heirs of Johnson, or to any one claiming under them. And if the possession of Lutterloh and those claiming under him, was adverse, their possession had not continued long enough to give them a good title; that is, it had not continued for seven years, not counting the time from 1860 to 1870, when the statute was suspended. There is no error in this of which the defendant can complain. Before the Code of Civil Procedure it might be said generally that if one who entered as a tenant remained in possession *a very long time* after the expiration of his tenancy, without paying rent or otherwise acknowledging the tenancy, his possession would or might be deemed adverse; and so of one who took a deed in fee from the tenant. But we do not know that it was anywhere settled before the Code what length of time, either by itself or in connection with other circumstances, would require or justify a jury in presuming a release from the landlord. In *Callender* v. *Sherman*, 5 Ired., 711, it was held that a possession for thirty-five years by a Masonic Lodge, claiming the property as its own under a supposed will of the landlord, which was invalid and was never proved as a will, would not be held adverse to his heirs, when it appeared that the Lodge commenced its possession

by an agreement with a tenant of the supposed devisor, whose term had not expired at the death of the devisor.

The time is now fixed by sec. 26 of the Code, at twenty years after the expiration of the tenancy, &c.

There is no error.

PER CURIAM.                          Judgment affirmed.