WILIAM CLARKE v. D. M. WAGNER and others.

*Action to Recover Land—Practice—Damages—Costs.*

In an action to recover land, where the verdict of the jury establishes the title of the plaintiff to the land in dispute but does not find any wrongful act done by the defendant to the land to which title is thus established, the plaintiff is not entitled to recover damages or costs.

MOTION by Plaintiff to modify the Judgment in this action, heard at January Term, 1878, of THE SUPREME COURT. See same case reported in 74 N. C. 791, and 76 N. C. 463.

*Messrs. R. F. Armfield* and *M. L. McCorkle*, for plaintiff. *Messrs. Scott & Caldwell*, for defendants.

SMITH, C. J.   The plaintiff in his complaint claims title to and the right of possession of a tract of land granted in 1802, to one Samuel Houston, and alleges that the defendants wrongfully with-hold possession. In their answer, the defendants deny that they are in possession of any land of the plaintiff, or that the plaintiff has title to any land in their possession.

One of the boundaries of the Houston grant is recognized as one of the lines of the grant under which the defendants claim, and the matter in dispute was as to how this common line was to be run. The eastern terminus of the line was admitted to be at a post oak and the controversy was whether it runs thence to the lower end of Island No. 2 in Catawba river, as was contended by the plaintiff, or to the lower end of Island No. 1, as insisted for defendants, passing by a white oak on the river bank. The only issue submitted to the jury was whether the lower extremity of the one or the other Island was the point called for by the Houston

grant, and they ascertained it to be at the lower end of Island No. 1. To the other issues the jury were not required to respond. The result of this finding, with the proper construction of the descriptive words of the grant, was to leave a small triangular strip, with its apex at the post oak corner and its base of less than eight poles, at the river, and covering about four acres of land, within the Houston grant, and the residue of the disputed land would belong to the defendants. The case states that the defendants offered evidence tending to show that those under whom they claim had had continuous possession of this small triangle up to its northern boundary, inclusive of the land thus located within the plaintiff's boundaries, down to the date of the deed from Elizabeth Campbell to them in the year 1862, but it does not appear that *defendants have had* possession of or at any time trespassed upon, the part awarded to the plaintiff by the verdict. Without objection from counsel of either party, the Court having collated the evidence and agreement of counsel of both sides, remarked to the jury, that if they located the second call of the Houston grant at the lower end of Island No. 1, it would be decisive of the case for defendants, and they need not proceed to the consideration of the other issues; and that on the other hand, if they should find the second call at the lower end of Island No. 2, they would then pass upon the other issues.

After the verdict the plaintiff asked for judgment for so much of the disputed land as would thus fall within the boundaries of the Houston grant, and upon which it was not shown that the defendants had themselves trespassed. The Court declined to do so, and adjudged that the defendants recover their costs. Upon the plaintiff's appeal to this Court, the judgment below was affirmed. *Clarke v. Wagner*, 74 N. C. 791.

The plaintiff now asks to have this judgment corrected upon the ground that he has recovered a small part of the

CLARKE *v.* WAGNER.

land in dispute, although there has been no proof that the defendants have had possession of that part, or withheld possession from the plaintiff, or committed any acts of trespass thereon. The verdict establishes his title, but to recover damages or costs, he must show some wrongful act of defendants, done on the part to which he has shown title. The plaintiff alleges a *title* and *right of possession* of lands and the *wrongful withholding* of the same by the defendants. Both allegations must be sustained to enable him to recover. The defendants are not guilty of a tort in retaining possession of their own lands, although they erroneously claimed land belonging to the plaintiff. Indeed the case seems to have been tried upon the understanding that the whole controversy turned upon the location of the second call of the Houston grant; and the jury were only required to ascertain its proper location. They have fixed it at the point contended for by the defendants, and have found no other facts upon which the plaintiff's present motion can be sustained. The motion is therefore denied.

PER CURIAM.                                          Motion denied.