JAMES W. DAVIS and others v. THOMAS McARTHUR.

*Action to Recover Land—Adverse Possession—Presumption of Grant.*

1. Where A enters into possession of land the property of B's wife under a deed from B alone, the possession of A is in law the possession of the wife and enures to her benefit.

2. From an adverse possession of land for thirty years, the law presumes a grant from the State and it is not necessary even that there should be a privity or connection among the successive tenants.

3. Where in an action to recover land the plaintiff showed a continuous adverse possession, under deeds defining the land by metes and bounds, from 1815 to 1848, by those successively under whom he derived title, the last nine years of which the possession was held under a deed sufficient in form to pass the estate in fee, and the defendant showed a grant from the State in 1848 ; *Held,* that plaintiff was entitled to recover.

(*Fitzrandolph* v. *Norman,* N. C. Term Reports 127 ; *Rogers* v. *Mabe,* 4 Dev. 180 ; *Wallace* v. *Maxwell,* 10 Ire. 110 ; *Reed* v *Earnhart,* Ibid. 516; *Simpson* v. *Hyatt,* 1 Jones 517 ; *Bullard* v. *Barksdale,* 11 Ire. 461 ; *Taylor* v. *Gooch,* 3 Jones 467, cited and approved.)

CIVIL ACTION, to recover the Possession of Land, tried at Fall Term,1877,of RUTHERFORD Superior Court, before *Kerr,J.*

This action was brought to recover a tract of land

alleged to be in possession of the defendant and wrongfully withheld from the plaintiffs  The defendant denies the plaintiffs' allegations and sets up title in himself.  On the trial the following facts were in evidence: One R. M. Alexander, by deed dated the 12th of April, 1815, conveyed the land in dispute to Sally Crook, who afterwards intermarried with James Arthur and never had issue.  In January, 1825, after the marriage, Arthur alone executed a deed to William Arthur, and therein undertook to convey the land to him.  This was with the knowledge and consent of his wife, and William Arthur entered into possession and held the land.  On the 10th of March, 1839, James Arthur and wife by their deed properly executed, conveyed the land to John Baber to whom William Arthur surrendered possession.  These deeds were inartificially drawn, and none of them contain words of inheritance. On the 10th of May, 1839, John Baber by deed in proper form to pass an estate in fee, conveyed to Toliver Davis, who died intestate, and the plaintiffs are his heirs at law. The defendant claims under a grant from the State which issued in 1848.

The defendant insisted that the possession of William Arthur for fourteen years was adverse to Sally Arthur, and broke her continuity of possession, and asked an instruction to this effect to the jury.  The Court refused so to charge, and told the jury that William Arthur having entered into possession of the land under the deed of James Arthur who had no title in himself, the possession of William Arthur was in law the possession of Sally Arthur and enured to her benefit.  The Court further instructed the jury, that if there had been a continuous possession of the land from the year 1815 to the year when the grant issued, including the fourteen years occupancy by William Arthur, and the jury should so find, the effect would be to vest title in the plaintiffs, and they would be entitled to recover.  To

this the defendant excepted. Verdict for plaintiffs. Judgment. Appeal by defendant.

*Messrs. W. J. Montgomery* and *W. H. Bailey*, for plaintiffs. *Mr. J. F. Hoke*, for defendant.

SMITH, C. J. (After stating the case as above.) We think the Court was correct in both rulings. The possession of William Arthur, being under James Arthur who acted for himself and wife, was but an extension of the possession of the rightful owner and for her benefit. And if this was not so, the result would not be changed. ⟨ The case is simply this:—There has been a continuous adverse possession of the land for the space of thirty-three years from 1815 to 1848, under deeds defining the same by metes and boundaries, by those successively under whom the plaintiffs derive title, during the last nine years of which, the intestate Toliver Davis had possession under a deed in form sufficient to pass the estate in fee. These facts entitle the plaintiffs to recover.

It has been settled by repeated adjudications in this State, that an adverse possession of lands for thirty years raises a presumption of a grant from the State, and it is not necessary even that there should be a privity or connexion among the successive tenants. We will only refer to some of the cases in support of the doctrine. *Fitzrandolph* v. *Norman*, Term Rep. 127 ; *Rogers* v. *Mabe*, 4 Dev. 180 ; *Wallace* v. *Maxwell*, 10 Ire. 110 ; *Reed* v. *Earnhart*, Ibid, 516. This presumption arises at common law and without the aid of the Act of 1791, and it is the duty of the Court to instruct the jury to act upon it as a'rule of the law of evidence. *Simpson* v. *Hyatt*, 1 Jones 517. The grant is inferred, not because of a belief that one did in fact issue, " but because there is no proof that it did not, and in the nature of things it would seem that *there can be no sufficient negative*

*proof* of the kind supposed. *Bullard* v. *Barksdale,* 11 Ire. 461.

Title being thus out of the State, it vested in Tolifer Davis by virtue of his nine years possession under the deed made to him in 1839, which professes, and in form is sufficient, to pass the estate in fee by virtue of the Act of Limitations. Rev. Stat. ch. 65 § 1. *Taylor* v. *Gooch,* 3 Jones 467.

We do not deem it necessary to consider and decide the question discussed at the bar, whether possession under a deed which conveys a life estate only, can operate as color of title to vest a fee. We hold that the long possession presumes a grant from the State to some one, and the possession to Tolifer Davis under his deed vests title in him. The plaintiffs, his heirs at law, are therefore entitled to recover the land.

No error.

PER CURIAM.                           Judgment affirmed.