JORDAN HILL and others v. DANIEL OVERTON and another.

*Action for Land—Adverse Possession—Burnt Records—Grant, presumption of.*

1. Where in an action to recover land the plaintiff showed title out of the state by a thirty years' possession, and, without producing any paper title, relied upon section eight, chapter fourteen, of Battle's Revisal, concerning " burnt records ;" *it was held,* that this statute did not make it necessary for the plaintiff to show a seven years' adverse possession *in addition* to the thirty years to entitle him to recover.

2. In such case the lapse of seven years' adverse possession concurrently

with the thirty years necessary to raise the presumption of a grant, is sufficient.

(*Seawell* v. *Bunch*, 6 Jones, 195 ; *Taylor* v. *Gooch*, 3 Jones, 467 ; *Davis* v. *McArthur* 78 N. C., 357, cited and approved.)

CIVIL ACTION tried at Spring Term, 1878, of HERTFORD Superior Court, before *Henry, J.*

This action was brought against David Overton and John Hall to recover possession of a tract of land. The case states: The plaintiffs claimed as heirs of their mother. It appeared from the evidence that since said land went out of the possession of plaintiffs' ancestor, it was divided into two distinct tracts, and that the defendants went into possession of their respective tracts at different times and under deeds from different grantors, and that they claimed no interest, each in the other's part. Thereupon the court held that the action could not be maintained against the defendants jointly, but that two separate actions should have been brought. Upon this intimation the plaintiffs took a nonsuit as to Overton, and appealed.

The plaintiffs then proceeded with the case against Hall, and introduced evidence tending to show possession under known and visible boundaries by the plaintiffs' ancestor and those under whom she claimed for a period of time sufficient to take the title out of the state, when the court held that as the plaintiffs introduced no paper title, but relied upon section eight, chapter fourteen of Battle's Revisal, they must show such possession for seven years, in addition to the time necessary to show title out of the state; and thereupon the plaintiffs took a nonsuit as to Hall, and appealed.

*Messrs. Gilliam & Gatling,* for plaintiffs.
No counsel in this court for defendants.

DILLIARD, J. The case shown on the transcript sent up to this court is that plaintiffs having introduced evidence

tending to prove possession in their ancestor and those under whom they claimed for a period of time sufficient to take the title out of the state, His Honor held, that as they showed no paper title, but relied on section 8, chapter 14, of Battle's Revisal, they must show an adverse possession for seven years in addition to the time necessary to afford a presumption of a grant.

It is well settled in this state that in an action under the general law to recover land upon the title, the claimant, having shown a grant by presumption from a long possession under different tenants fixed by judicial decision at thirty years, must go on in order to perfect his right and show an adverse possession for seven years with color of title, barring all remedy of the supposed grantee, and others; or derive a title by presumption of all necessary mesne conveyances on a twenty years' possession without color. *Seawell* v. *Bunch*, 6 Jones, 195; *Taylor* v. *Gooch*, 3 Jones. 467.

This proof the plaintiffs were obliged to make by producing in evidence a deed under which the adverse possession for seven years was had, but the seven years was not required to be a time additional to the thirty years on which the presumption of a grant from the state would arise, but might be a part of the thirty years. Proof of possession for thirty years and more, during which the state by her agents failed to interfere, barred her; and proof of adverse possession for seven years under color of title barred the presumed grantee, and any and all persons free from disability.

This point of the sufficiency of a seven years adverse possession as part of the thirty years on which presumption of title out of the state arises, is not an open one in this state. In the case of *Davis* v. *McArthur*, 78 N. C., 357, the facts were that plaintiff's ancestor and those under whom he claimed had had adverse possession for thirty three years, and during the last nine years of the time the plaintiff's ancestor was in possession under a deed; and this court held that

the title was out of the state by presumption, and on the nine years possession, part of the thirty-three, by the ancestor of the plaintiff, it vested in him and became a perfect title by force of the statute of limitations.

Clearly therefore the lapse of seven years of adverse possession concurrently with the thirty years necessary to raise a presumption of title out of the state, was a sufficient title under our general law on which successfully to maintain or defend an action for the recovery of real property.

It is said however in the case of appeal that the plaintiffs relied on the trial on section 8, chaper 14, of Battle's Revisal, which is entitled, "Burnt and lost records and other papers," and which in substance provides that every person in possession of land, claiming and using it as his own for the space of seven years under known boundaries, the title being out of the state, shall be deemed to have been lawfully possessed under color of title of such estate as has been claimed by him during his possession, although he may exhibit no deed.

The question is, does this statute alter the case and make it necessary after proving title out of the state on a thirty years possession in the different tenants, to show the seven years possession spoken of in addition to the thirty years? We think not. The statute referred to was passed to relieve parties against the destruction of their title papers by fire or otherwise, and to facilitate them in the maintenance of actions respecting their lands. Accordingly, the title being proved out of the state by grant, actual or presumed, the statute gives to a possession for seven years under claim of right without color the same efficacy in constituting a good title under the statute of limitations, as the like possession with color of title has under the law where there has been no destruction by fire.

If the ruling of His Honor be correct, then a party unable to produce his color of title by the accident of fire has to

prove a seven years possession in addition to the thirty years which presumes the title out the state; whereas a party able to show forth in evidence his color of title may perfect his title by a possession inside of the thirty years. It seems to us such a result was not intended, and that the words of the section do not require such a construction, and we therefore hold that His Honor was in error in his ruling on this point.

The action was brought against Overton as well as Hall, and on the trial His Honor intimated that the same could not be maintained against the two jointly, and upon this intimation the plaintiffs, as the transcript recites, took a nonsuit, by which we understand was meant that they entered a *nol. pros.* as to Overton. Thus understanding the record, the appeal brings up no question for our review as to Overton, and we do not therefore express any opinion as to the power of joinder of the two defendants in the action. In our opinion His Honor erred on the trial as to Hall, in ruling a seven years possession to be necessary in the plaintiffs, or those they represent, in addition to the time required for the presumption of a grant before they can recover.

Error.                                                    Reversed.