A. D. COWLES and others v. RUFUS D. HALL.

*Ejectment—Presumption of Grant—Continuity of Possession—Judge's Charge.*

1. Where thirty years actual possession of land is relied upon to presume a grant from the state, it is not necessary to show that there was any con-

nection between the successive occupants during the period. Nor will a three year breach in the continuity of possession repel such presumption.

2. An error in the charge of the judge, which is not unfavorable to the party complaining, is not ground for a new trial.

(*Candler* v. *Lunsford*, 4 Dev. & Bat., 407; *Ray* v. *Lipscomb*, 3 Jones, 185; *Reynolds* v. *Magness*, 2 Ired., 26; *Melvin* v. *Waddell*, 75 N. C., 361; *Davis* v. *McArthur*, 78 N. C., 357, cited and approved).

EJECTMENT tried at Spring Term, 1883, of WILKES Superior Court, before *Graves, J.*

The plaintiffs claim to be, but the defendant denies that they are the owners of the land described in the complaint, and admits he is in possession. The following issues were submitted to the jury:

1. Are the plaintiffs the owners, and entitled to the possession of the land described in the complaint?

2. If the plaintiffs have sustained damage, what is the amount thereof?

On the trial the plaintiffs offered in evidence a grant from the state to James D. Cowles, from whom they claimed as heirs, and also offered evidence to show that they were the heirs-at-law of the said Cowles, and that the said grant covered the land in controversy.

The defendant offered evidence tending to show that there had been actual possession adverse to the plaintiffs of a small part of land, embraced in a field which had been cultivated and used as a pasture under an inclosure, by different persons for more than thirty years, but did not show any connection between the possession of the different occupants of the said field other than the bare succession in the occupants thereof. The plaintiffs offered evidence to show that there had not been such occupancy.

"The court instructed the jury that if the plaintiffs had satisfied them that the grant offered in evidence covered the land in controversy, the plaintiffs would be entitled to recover, unless the defendant had established a title to the land, actually occupied by him, by possession. That it was not necessary for the

defendant to show any paper or written evidence of title, if he had satisfied the jury that the land which he claimed had been actually occupied by the parties claiming up to known and visible boundaries for more than thirty years before the issuing the grant to James D. Cowles, although the defendant may not have satisfied them that the parties in the actual occupation had not claimed under their predecessors in the occupation."

The jury, after a short consultation, returned into court and asked His Honor "if three years' abandonment of possession would be such a break in the possession as would destroy its effect?"

The court instructed the jury "that if there had been an abandonment of the possession for three years within the thirty years, it would not be such an interrupted possession as would ripen into title; and added, that the law did not require the same continuity of possession to ripen thirty years' possession into title without evidence in writing of title, as is required to ripen possession under color of title into a good title, but that the uninterrupted possession which the law allowed to ripen into a good title after thirty years, must be such as to show that there was some one in possession, and against whom the state may have taken action to assert its claim."

Upon the first issue the jury found in favor of the plaintiffs as to all the lands in controversy, except the small field under fence; and upon the second, that the plaintiffs recover no damages.

The plaintiffs moved for a new trial. The motion was overruled, and there was judgment on the verdict for the plaintiffs, from which they appealed.

*Mr. R. Z. Linney,* for plaintiffs.
No counsel for defendant.

ASHE, J. The statement of the case on appeal does not show that there was any evidence offered on the trial to show that there was any interruption of three years in the possession of the

defendant, and those who preceded him in the occupation of the land in controversy, except what may be inferred from the instruction asked of the court upon that point. But taking it for granted that there was such evidence, the instruction given by His Honor in response to the enquiry submitted by the jury is so obscure that it is difficult to surmise what he meant. If, when he told the jury that "an abandonment of the possession for three years within the thirty years would not be such an interrupted possession as would ripen into title," he meant to convey the idea that thirty years' possession with an interruption of three years would not ripen into title, the instruction was erroneous. *Candler* v. *Lunsford*, 4 Dev. & Bat., 407. But although erroneous, there was no ground for complaint on the part of the plaintiffs, for the instruction so understood was favorable to them. And where an error in the charge of the judge is favorable to the party excepting, this court will not order a *venire de novo*. *Ray* v. *Lipscomb*, 3 Jones, 185; *Reynolds* v. *Magness*, 2 Ired., 26.

But viewing that portion of His Honor's instruction to the jury, in connection with the entire charge, we must presume there was a ellipsis in the sentence above quoted, and what he did say was, that an abandonment of the possession for three years would not be such an interrupted possession as would prevent a ripening into title. If this is what he did say, or intended to say, there was no error. For in the case of *Candler* v. *Lunsford, supra,* it was held that a longer time than three years would not be such a breach in the continuity of the possession as to rebut the presumption of a grant.

Without any errors in the charge of His Honor being pointed out in the "bill of exceptions" (here the "statement of the case"), we are left entirely to conjecture as to what were the alleged errors to which exception was taken by the plaintiffs.

If there was any other besides that above disposed of, it may possibly have been to that part of the charge where His Honor told the jury, that without any writing or paper title, thirty

years' actual possession by different occupants, before the grant of James D. Cowles, would presume a grant from the state, though the defendant may not have satisfied them that the party in the actual occupation had not claimed under his predecessors in the occupation.

If that be a ground of exception, there was no error in the instruction. It has been too repeatedly decided by this court to admit now of controversy, that when thirty years' actual possession of land is relied upon to presume a grant from the state, it is not necessary to show that there was any connection between the successive occupants of the land during the period. *Melvin* v. *Waddell*, 75 N. C., 361; *Davis* v. *McArthur*, 78 N. C., 357; *Candler* v. *Lunsford, supra.*

Finding no error, we affirm the judgment of the superior court.

No error.                                              Affirmed.