BENJAMIN PHIPPS, et als., v. A. J. PIERCE, et als.

*Exceptions on Appeal—Evidence—Statute of Limitation.*

1. The Court reiterates the rule, that no exceptions will be considered on appeal, except such as appear in the record and were made in the Court below.

2. While mere hearsay or declarations are not admissible as evidence to prove facts, yet when there is a claim and assertion of ownership, which can only be proved by acts and words of the claimant, such acts and accompanying words, stand on the same footing, and are admissible for this purpose.

3. When the cause of action occurred before the 24th August, 1868, the statute of limitation in force before that time applies.

4. Under the law as then in force, a grant from the State was presumed after an adverse possession of the land for thirty years; and it was not necessary that the possession should be continuous, or that there should be connection or privity among the successive occupants. This is now altered by The Code, §139, par. 1.

.·(*Garret* v. *Hunsucker*, 12 Ired., 254 ; *State* v. *Langford*, Busb., 436 ; *State* v. *Jenkins*, 6 Jones, 19 ; *Grace* v. *Hannah*, Ibid, 94 ; *Candler* v. *Lunsford*, 4 D. & B., 407 ; *Melvin* v. *Waddell*, 75 N. C., 361 ; *Davis* v. *McArthur*, 78 N. C., 367 ; *Cowles* v. *Hall*, 90 N. C., 330, cited and approved. *Price* v. *Jackson*, 91 N. C., 11, cited and distinguished).

-CIVIL ACTION, for the recovery of land, tried before *MacRae, Judge*, and a jury, at Fall Term, 1885, of the Superior Court of ASHE county.

The facts appear in the opinion.

There was a verdict and judgment for the plaintiffs, and the defendants appealed.

No counsel for the plaintiffs.

*Mr. D. G. Fowle,* for the defendants.

SMITH, C. J.   It would be unnecessary to reiterate the rule, long and uniformly adhered to, which limits the appellate jurisdiction of this Court, to such exceptions as are shown in the record to have been taken in the Court below, including an instruction which lays down a false proposition of law, but for the wide range of the argument for the appellant.   Very much of this discussion has been directed to objections, which upon the case presented, might be appropriate, and perhaps successfully maintained at the trial, but were not then taken, and do not, in consequence, come under review.   It is not material that the case purports to contain all the evidence, for the rule remains inexorable, and our jurisdiction is exercised only in correcting assigned errors made by the Judge who tried the cause, and no other evidence ought to be sent up, and if it is, it cannot be considered, except it tends to elucidate the alleged erroneous rulings, of which, when presented, we take cognizance, and correct when found to be well taken.   Any other course would lead to embarrassing consequences, which the adoption of the rule, and the practice under it, are intended to prevent.   " For the best reasons," remarks RUFFIN, C. J., " it is entirely settled that the Court can take no notice of an error, not apparent in the record, that is *in the pleadings, verdict or judgment, unless the appellant except to it at the trial."*   *Garret* v. *Hunsucker,* 12 Ired., 254-259.   To the same effect, see *State* v. *Langford,* Busb., 436 ; *State* v. *Jenkins,* 6 Jones, 19; *Grace* v. *Hannah,* Ibid., 94.

In *State* v. *Jenkins,* BATTLE, J., in reference to a case stated on appeal, as in substance a bill of exceptions, says : " The facts set forth in it, are taken to have been stated with reference only

to the errors assigned by him, to have been committed on the trial. Nothing ought to appear therein, except what is necessary to raise the questions as to the sufficiency of the alleged errors."

Again, reciting a provision in the Revised Code, transferred to The Code, §957, which declares that " in every case the Court may render such sentence, judgment and decree, as on inspection of the whole record, it shall appear to them, ought in law to be rendered thereon," in the same opinion, it is added : "It is manifest that this cannot apply to the bill of exceptions, which, although it is made a part of the record, embraces, and is intended to embrace, only such *alleged errors* in the proceedings on the trial, as the appellant may think proper to assign and set forth therein."

We reproduce the remarks, to correct a practice which is becoming too common in this Court, to base objections upon an examination of the facts stated in the case, which perhaps could have been, at the trial, successfully taken, and were not ; or, if taken, do not appear in the record. And we repeat our purpose to maintain this salutary and just rule, in passing upon appeals.

The plaintiffs, in deducing title, read a deed made in December, 1804, by the Sheriff of Ashe county, to John Cox, reciting a sale for taxes, and conveying a tract of land, represented to contain forty acres, and bid off by Gideon Welborn, lying on " Grassy Creek, beginning at a white oak, a corner of the old survey, running South, 100 poles, to a birch in a small branch ; then West, 64 poles, to a stake ; then North, 100 poles, to a stake ; then to the first station."

The plaintiffs then introduced an instrument under seal, purporting to be an agreement for the division of the lands of John Cox, among his heirs, dated April 20th, 1821, and proved and registered the next year, to which the defendants objected for irrelevancy, and, being overruled, excepted. We are unable to see any resulting harm from the admission of this paper, since it does not appear to include the tract in dispute.

The plaintiffs further exhibited a deed from Zachariah Baker, bearing date, July 29th, 1823, to William Phipps, the ancestor of the plaintiffs, conveying the forty acre tract, by the same words of description as those used in the first mentioned deed.

The defendants also introduced a deed from Jonathan Baker to Solomon Spencer, for 208 acres, with defined boundaries, dated March 27th, 1830; and again, a deed from the latter dated March 12th, 1862, to H. J. Pierce, for a tract of 251¾ acres. They also offered a grant to David Blevens for 76 acres. There were other deeds, and much testimony heard from both parties as to the location and boundaries of the lands, and of the exercise of acts of ownership, which it is not necessary to set out in detail, except so much as relates to the ruling upon the admissibility of certain declarations, received after objection. Benjamin Phipps testified, that he bought 130 acres that belonged to his father-in-law, adjoining the disputed land on the north; that the fence on the north side was all shoved off, and about the 14th of April, 1847, he put a new fence there, and sowed it in oats; that he then moved the fence a little higher up on the house tract or path; that his father, William Phipps, told him to put the fence on the old house tract if he wanted to; that Spencer was talking about proceedings, and it was his, (Phipps's,) and for him (witness) to move up the fence, which he did, and took in a rod, or one and a half rods of the land in dispute, in 1847. The reception of the declarations of William Phipps was objected to, and the objection overruled.

Manifestly this is not hearsay or narrative evidence, offered to establish the truth of the fact declared, but evidence of a claim and assertion of ownership, which can only be shown by acts and words, which in this respect, stand upon the same footing. The direction to the son, and his obedience, make him the agent, and his acts, the acts of his principal, in assertion of his claim to the premises in the removal of the fence. When he said the fence was his, he merely meant to give authority to his order of removal, and the order and act themselves mean as much. There is no error in this.

Every instruction asked for the defendant, was given in the very words, and without qualification.

To those given at the instance of the plaintiffs, and those given *ex mero motu* by the Court, no exception appears to have been taken.

The second issue was withdrawn, upon the admission of defendants' counsel, that they were in possession of part of the forty acres, as set out in the plat, and the sole issue, found in the affirmative, left to the jury, was to the plaintiffs' title to the land and right of possession thereof.

It is argued here, that there was an erroneous statement of the law, as applicable to the facts of this case, in so much of the charge as declares, that " in order to entitle them to recover possession, the plaintiffs must show either an occupation of the land under visible lines and boundaries for thirty years—*there need be no connection between the persons occupying the land,* nor need the *occupancy be continuous, but it must be for thirty years before bringing the action.*"

The direction is not in conformity with the requirements of The Code, §139, par. 1, which prescribes a limitation within which the State must bring a suit for land. *Price* v. *Jackson,* 91 N. C., 11-15. But it is in entire harmony with the pre-existing law, as expounded in many adjudged cases. *Candler* v. *Lunsford,* 4 D. & B., 407 ; *Melvin* v. *Waddell,* 75 N. C., 361 ; *Davis* v. *McArthur,* 78 N. C., 367 ; *Cowles* v. *Hall,* 90 N. C., 330.

The question is, whether the case is governed by the former rule of presumption of a grant, or that introduced in the Code of Civil Procedure. The latter, in terms, provides " that it shall not extend to cases where the right of action accrued before that date, (August 24th, 1868), but the statutes in force previous to that date, shall be applicable to such actions and cases." §136.

There was, before the recent change in the law, no statute barring an action brought by the State, yet an effect was attributed to an adversary possession of land for a long period of time, of divesting title out of the State, upon the unrebuttable

presumption, from the delay, of the issue of a grant, *Davis* v. *McArthur, supra,* so that the State could not maintain an action ; or in other words, was barred, as if there were an applicable statute of limitations.

So the time began to run within which the State must enter or bring suit, or in the words of the act, "the *right of action*" accrued before that date, and hence the former laws are applicable. The concluding sentence of the section, that the *statutes* in force previous to that date, shall be applicable to such actions and cases," cannot abridge the import of what goes before, but must be understood to leave the preceding law, in such cases, unchanged and in force. This view is not in conflict with the decision in *Price* v *Jackson, supra,* which merely declares that the plaintiffs could not bring their case within the provisions of either law, and consequently could not recover.

There is, therefore, no error in the instruction complained of.

We pass only upon exceptions disclosed in the record, and none others.

There is no error, and the judgment must be affirmed.

No error.                                          Affirmed.