G. A. PEARSON and wife M. A. PEARSON v. WARNER SIMMONS.

*Action to Recover Land—Color of Title—Possession—Privity.*

1. In an action to recover land, the plaintiff may establish his title to the *locus in quo:* (1) by showing a grant from the State, and a regular chain to himself ; (2) by showing that he and those under whom he claims have had possession under known and visible boundaries for thirty years; (3) by showing a possession of twenty-one years under color of title (which would be good against the State), and (4) by showing title out of the State and continuous adverse possession under color.

2. Therefore, where the plaintiff showed possession in himself and those under whom he claimed, from 1820 to 1886, and a deed to himself, under a judicial sale, dated in December, 1872, but did not show title out of the State; it was *held* that he was entitled to recover—the defendant showing no title whatever.

3. In order to divest the title from the State by thirty years' possession, it is not necessary that there should be privity between the several successive tenants.

(*Candler* v. *Lunsford,* 4 D. & B., 407; *Melvin* v. *Waddell,* 75 N. C., 361; *Davis* v. *McArthur,* 78 N. C., 357; *Hill* v. *Overton,* 81 N. C., 393; *Christenbury* v. *King,* 85 N. C., 229; *Cowles* v. *Hall,* 90 N. C., 330; *Taylor* v. *Gooch,* 3 Jones, 467; *Ray* v. *Lipscombe,* Ibid., 185, and *Lewis* v. *Sloan,* 68 N. C., 557, cited and approved).

This action was tried before *Shipp, Judge,* at Spring Term, 1887, of HALIFAX Superior Court.

There was judgment for the plaintiff, from which the defendant appealed.

The facts are sufficiently stated in the opinion.

*Mr. W. E. Daniels*, for the plaintiffs.
No counsel for the defendant.

SMITH, C. J.   The complaint, in the usual form, alleged a seizin and right of possession in the *feme* plaintiff to the land mentioned therein and its wrongful occupation by the defendant, both of which allegations the latter denied.  Issues were accordingly submitted to the jury, who find for the plaintiffs and assess damages at seventy-five dollars.   The evidence of title offered consisted in a long, but not connected, adverse possession, commencing in 1818, and the occupation of the premises from about 1819 or 1820 by Benjamin Edwards until his death between 1840 and 1850.

It was shown that after his death his heirs in 1854 sold the premises to John A. Simmons, who entered into and continued in possession until his death in 1859.   Under a proceeding instituted in the late Court of Equity, at Fall Term, 1859, by the guardian of the infant and sole heir-at-law of the deceased, the land was sold in December, 1872, by the commissioner acting under orders in the cause, and by his deed conveyed to the *feme* plaintiff.

The defendant introduced no testimony, and his counsel, in arguing the case before the jury, contended and asked an instruction to the effect " that no sale of land so as to pass title could be valid without a deed, registration, &c."

The Court did not so charge in direct terms, but gave this direction to the jury :

" In all actions of ejectment or actions to recover land, the plaintiff must prove his case and establish his title.   There are several ways of so doing.   One way is to show a grant from the State, and thence a regular chain of title.   Another mode is to show that the plaintiff, or those under whom he claims, has had a possession under known and visible boun-

daries for thirty years. A third mode was to show a possession of twenty-one years under color of title, which would be good against the State. Another mode is to show title out of the State, and an adverse possession continuously, under color of title in the party claiming the land. Further,. that the defendant has shown no title, but the plaintiff cannot rely upon that fact."

The Court repeated the proposition that the plaintiff must rely " as generally expressed " upon the strength of his own title.

These directions cover the whole ground, and involve so much of the instructions asked as the defendant was entitled to.

The exposition of the ways in which an estate in land may be acquired, as applicable to the case made in the proofs,. is explicit and ample, and free from objection.

The cases cited by plaintiffs fully sustain the ruling, except as to so much as contemplates a. privity in the possession of the different occupants maintained for thirty years,. which is not required to divest title out of the State, and is not unfavorable to the defendant.

The presumption thus arising is conclusive and not open to rebuttal. *Candler* v. *Lunsford*, 4 D. & B., 407; *Melvin* v. *Waddell*, 75 N. C., 361; *Davis* v. *McArthur*, 78 N. C., 357; *Hill* v. *Overton*, 81 N. C., 393, *Christenbury* v. *King*, 85 N. C., 229; *Cowles* v. *Hall*, 90 N. C., 330; *Taylor* v. *Gooch*, 3 Jones,. 467.

That the charge is sufficiently responsive to the prayer is apparent upon its face, and is sustained by the cases of *Ray* v. *Lipscombe*, 3 Jones, 185, and *Lewis* v. *Sloan*, 68 N. C., 557.

There is no error and the judgment is affirmed.

No error.                               Affirmed.