## JOHN HALL *versus* APOLLOS BRIGGS.

Before the Revised Statutes went into operation, if there were two counts in a declaration on distinct causes of action, and the jury returned a verdict for the plaintiff on the first count, but disagreed as to the second, it was competent for the Court, before the verdict was affirmed, to permit the plaintiff to discontinue as to the second count ; and judgment might then be rendered upon the verdict on the first count.

TRESPASS *quare clausum*. The first count in the declaration was for a trespass committed in December, 1833. The second count was for divers trespasses committed in 1834.

The trial took place before the Revised Statutes went into operation, *Morton* J. presiding.

At the adjournment of the court in the evening of the day of trial, the jury retired for consultation, and having agreed upon a verdict for the plaintiff on the first count, and sealed it up, they separated, and returned therewith into court in the morning. Upon inquiry being made of them, it appeared, that they could not agree upon a verdict on the second count.

After the verdict was returned, but before it was affirmed, the plaintiff had leave to discontinue as to the second count. The verdict was then affirmed. The defendant objected to the affirmance of the verdict, and to the discontinuance moved for by the plaintiff If the Court should be of opinion, that the proceedings of the judge were correct, and that he had power to grant leave to the plaintiff to discontinue according to his motion, a discontinuance was to be entered upon such

Hall
*v.*
Briggs.

*Oct. 28th.*

*Oct. 29th.*

terms as the Court might order, and judgment to be rendered on the verdict; otherwise a new trial was to be ordered.

*A. Bassett* and *Coffin*, for the defendant, cited *Holbrook* v *Pratt*, 1 Mass. R. 96; *Dawes* v. *Gooch*, 8 Mass. R. 488; *Green* v. *Gill*, 5 Mass. R. 379; Revised Stat. c. 121, § 16. *Warren* and *Battelle*, for the plaintiff.

SHAW C. J. delivered the opinion of the Court. The question, we think, arising in this case, is to be decided as the law stood before the Revised Statutes went into operation. The judge granted to the plaintiff leave to discontinue upon the second count, subject to the opinion of the whole Court; and if it was legal and right to permit such discontinuance in that stage of the cause, it is now to be considered as if it was then definitively done. This has been argued as if it were a motion to amend the declaration, after the jury had come in with their verdict on one count, and disagreed as to the other. Though in common parlance, all the counts taken together, are called the declaration, and a discontinuance as to one, is in some respects a change of the declaration, yet it is in effect a very different proceeding. The proceeding generally understood by an amendment of the declaration, is an alteration in the count. And so of the plea; where the general issue is pleaded to a declaration consisting of several counts, it is in legal effect a several plea to each count. Finding the issue therefore upon one count, is finding all the material facts, put in issue, by being averred in that count and traversed by the plea. A verdict on that issue is a good foundation, upon which a judgment may be rendered. This may be illustrated by the familiar practice, where the case is such as to warrant it, of permitting a party, where there is a general verdict, to take judgment on one particular count, and he, in effect, discontinues as to the residue. *Clark* v. *Lamb*, 8 Pick. 415. We think it was fully competent for the judge to allow the discontinuance in the stage of the cause in which it was offered: and it left the case in such a condition, that judgment may properly be rendered on the verdict, on the remaining count.