J. N. KELLY and wife v. H. C. McCALLUM and others.

*Partition—Advancements—Pleading—Concession of Legal Proposition Inoperative.*

1. A testator devised and bequeathed land and slaves to his wife, indicating in the will his intention that the property should be finally divided equally between the widow and children but leaving it discretionary with the widow to advance to the children at such times and in such kinds of property as her best judgment might dictate. To two of the children the widow advanced some slave property and more than their *aliquot* portions of the land, with the expectation of supplying the deficiency from the undivided slave property, which was amply sufficient for that purpose; *Held,* that an unexpected emancipation of the slaves

by the result of the war would not sustain a claim of the other children to have a re-division of the land, and an account from the two children first advanced of the slave property received by them.

2. A legal proposition cannot be established by admissions in the pleadings.

3. The failure to answer is an admission of the *facts* alleged by the plaintiff, but it does not involve a concession of a legal inference drawn therefrom, and still less the recognition of the correctness of the principle of law stated.

SPECIAL PROCEEDING for Partition commenced in the Probate Court, and tried at Spring Term, 1880, of BLADEN Superior Court, before *Eure,* J.

Hays T. Shipman died in 1844, owning a large estate in land and slaves which he devises to his wife (with some exceptions not necessary to notice) and adds the following clause to the gift: "desiring and trusting that she will so use it that it will be to the mutual benefit of herself and my dear children, Mary Eliza, Hays McNeill, Sarah Dorcas and Eliza Ann; also desiring that at the proper time she will make such advancements as prudence may dictate, (always bearing in mind that it is my wish that all my children shall receive, after her portion, equal shares) provided nevertheless, that should she choose to marry again, then and in that case, it is my desire and will that my estate be divided according to the laws of the state of North Carolina;" and in this event he adds certain articles to her equal share.

The son, Hays McNeill, died without issue. The testator's widow, Sarah J. Shipman, went into possession of the property and, upon the marriage of her daughter Mary E., to the defendant H. C. McCallum, advanced to her land of the value of $1,000 and negro slaves of the value of $5,883 and perhaps a small additional sum in other articles; and in like manner to her daughter Sarah D., on her intermar-

riage with the defendant John P. Smith, no land, but slaves of equal value as those advanced to her sister, Mary E.

The plaintiff Eliza A., resided with her mother until her marriage with the plaintiff John N. Kelly, and thereafter until her mother's death in November, 1868, and no specific advancements were made to her.

The slaves retained after the advancements mentioned were twenty-seven in number and of the value of $11,766, and the land of the value of $1,750.

The use of the property was shared in by the plaintiffs while residing with the mother and until the emancipation of the slaves at the close of the civil war.

The object of the suit is to have partition of the land and to charge the defendants with the value of their respective advancements in slaves, and the defendant Mary E. with the value of her land, and the facts stated were either conceded by the parties or found by the jury upon issues. The defendants, Smith and wife, put in no answer.

The court adjudged that the defendants were not chargeable with the value of the slaves advanced, that the defendants, McCallum and wife, having received their full share of the land, were precluded from claiming any part of that to be divided, and that the plaintiff, Eliza Ann, and the defendant, Sarah D., were entitled as tenants in common to equal moieties thereof and to a division between them.

The plaintiffs' appeal is from so much of the judgment as exempts the defendants from accountability for the value of the slaves received by them, and directs an equal partition of the land between the other two sisters.

*Mr. R. H. Lyon,* for plaintiffs, cited *Meadows* v. *Meadows,* 11 Ired., 148; *Walton* v. *Walton,* 7 Ired. Eq., 138; *Woodfin* v. *Sluder,* Phil., 200; *West* v. *Hall,* 64 N. C., 43.

*Mr. T. H. Sutton,* for defendants.

SMITH, C. J., after stating the case.   We think the ruling of the court below correct and not liable to just complaint. No question is made as to the construction of the will in directing an equal distribution among the testator's children, and that in the manner provided in cases of intestacy, those who have received anything as an advancement being called upon to account for the value of it before sharing in the division of the residue, and we are not therefore called upon to put an interpretation upon its language, and to say how far it is advisory and how far mandatory in the expressions of the testator's expectations and wish.

There was reserved by the devisee and legatee, upon whom the trust of making an equal distribution is imposed by the testator, a large number of slaves, more than enough to make the plaintiffs equal to the others, and their right to be made equal out of those reserved, had the slaves remained property, upon such construction of the will is, clear and undisputed.   But the right of the *feme* plaintiff to this equal prior allotment passed away with the extinction of the property in slaves, and the other children of the testator suffer from the same cause the loss of theirs.   Is it in consonance with his expressed will that the loss, common to all, and which could be averted by none, should be borne alone by those who had been advanced, and made up in part, at least, to the other out of his land ?

The equality contemplated in the final disposition of the estate was to be secured by successive separations from the common property, according to the sound discretion of the wife, " as prudence may dictate," and with a due regard to the condition and wants of her children and the accounting for advancements afterwards.   This discretion she exercised as to two of them, and when the other arrived at full age in August, 1864, still living with her mother, the very property from which her share was to be taken had become by the inexorable logic of events of no measurable value, and a

few months later ceased to exist. There was no unreasonable delay in allotting to the plaintiff her share in the slaves, and it was rendered impracticable by their emancipation.

The case, in some respects analogous, is not entirely similar to an intestacy, where the children, previously not provided for have no direct interest in the property of their parent until his death, and then a right only to exclude such as have been advanced from participating in the distribution until property of equal value has been set apart to them. This is simply the law of distribution of an estate not disposed of by will. But under the testator's will, it is claimed and conceded that a present interest vests in each of the children, and the estate given to the devisee and the legatee is clothed with a controlling trust, fulfilled only by a final equal division, although admitting of intermediate advancements, as in the judgment of the trustee may be suitable and proper.

The cases therefore cited in the brief of the appellant's counsel to show that the value of property advanced, in case of intestacy, is not diminished by death or loss, nor enlarged by increase of growth subsequently accruing, have no application to the facts of the present case, which are governed by the wishes and directions expressed in the will.

It is further insisted that the judgment is erroneous, in that, no answer was made to the complaint by the defendants, Smith and wife, and the allegations must be taken as true as to them. The failure to answer is an admission of the facts alleged by the plaintiffs, and such is the effect of a judgment by default to which they are entitled. But it does not involve a concession of legal inferences drawn therefrom, and still less the recognition of the correctness of the principle of law stated. The office of pleading, with the intervention of a jury or other tribunal to determine what is controverted, is to arrive at an understanding of facts, and the law is administered not as a party may have al-

leged but as it is declared by the court. Where by the assent of all, the facts are found by the jury, on issues involving the relations of each, the judgment must be rendered upon the verdict when it may differ from the allegations.

There is no error and the judgment is affirmed. Let this be certified for further proceedings, in the case.

No error. Affirmed.