*WILLIAM GRANT, Adm'r, v. SARAH E. BURGWYN, and others.

*Practice—Non-Suit—Interpleader—Statute of Presumptions—
Evidence—Insolvency of Obligor—Credits on Bond.*

1. Where the plaintiff's complaint set out three causes of action, and on the trial the plaintiff entered a non-suit as to two of them, the non-suits will be treated as a *nolle prosequi* and the plaintiff permitted to prosecute his action as to the remaining cause of action.

2. It is not error to refuse a separate trial to a party who has interpleaded in an action, upon motion made at the trial.

3. Upon an issue as to the payment of a bond, where the defendant relied on the presumption of payment arising from the lapse of time, when the evidence is uncontradicted it is the duty of the court to pass upon its sufficiency and not to submit the issue to the jury.

4. In an action on a bond, in order to repel the presumption of payment arising from the lapse of time, such a state of insolvency on the part of the obligor must be shown during the entire ten years next after the maturity of the debt as to prove that he did not pay the debt because he *could not*.

5. Where certain credits endorsed on a bond are relied on to take the case out of the statute, it is necessary for the plaintiff to establish that they were put there at the dates specified, and an admission that they are in the handwriting of the obligee, is not sufficient for the purpose.

(*Hill v. Overton*, 81 N. C., 393; *Buie v. Buie*, 2 Ired., 87; *Walker v. Wright*, 2 Jones, 156; *Woodhouse v. Simmons*, 73 N. C., 30; *McKinder v. Littlejohn*, 4 Ired., 198; *Powell v. Brinkley*, Busb., 154, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of NORTHAMPTON Superior Court, before *Gudger, J.*

The plaintiff began his action against the defendant, Sarah Emily Burgwyn, on the 18th of June, 1877, and in his complaint alleged, as his first cause of action, that on the — day of December, 1857, one Thomas P. Burgwyn and the defendant, Sarah E. Burgwyn, executed their bond to the plain-

---

*SMITH, C. J., did not sit on the hearing of this case.

tiff's intestate for the sum of $3,059, upon which two partial payments had been made—one of $500 on the 6th of April, 1859, and the other of $600 on the 14th of January, 1860—and that no other payments had been made thereon; and, as his second cause of action, that, at fall term, 1866, of the superior court of Northampton county, said intestate recovered of said Thomas P. Burgwyn and said defendant a judgment for $2,313, and that no part thereof had been paid; and, as his third cause of action, that his intestate had another judgment in the same court, at spring term, 1866, and against the same parties for the sum of $2,313, and that no part of it had been paid.

The plaintiff likewise sued out warrants of attachment which were served on Jno. B. McRae and D. A. Barnes on the 18th of June and 8th of August, 1877, and were returned by the sheriff, as levied on the indebtedness of said McRae to the defendant Sarah E. Burgwyn—said indebtedness being evidenced by four notes, amounting in the aggregate to $4,500, and also upon the four bonds themselves, the same being in the hands of said Barnes. In her answer, the defendant, Sarah E. Burgwyn, admitted the execution of the bond sued on, denied the partial payments as alleged in the complaint, avers that the note has been paid in full, and denies that the plaintiff's intestate ever recovered any such judgments against her as those alleged in the second and third causes of action.

On the 23rd of November, 1877, John Welsh was allowed to interplead and filed his claim, wherein he averred that the bonds attached were his own and had been assigned to him before the levy and for valuable consideration, to which the plaintiff replied, denying his right to the same.

When the cause was called for trial, spring term, 1880, the defendant's counsel moved for a continuance, on the ground that he had prepared his case upon the supposition that his client had never been served with process in the

36

suits, in which judgments had been recovered by plaintiff's intestate against Thomas P. Burgwyn and the defendant Sarah E. Burgwyn, and that he was taken by surprise by the proof that she was so served; and thereupon the plaintiff's counsel said that rather than have a continuance, they would admit, for the purposes of the present action, that she had not been so served with process, and would enter a nonsuit as to the plaintiff's second and third causes of action. The defendant then moved to dismiss the action, insisting that the nonsuit for a part was a nonsuit for the whole of the complaint, which motion His Honor refused, and the defendants excepted.

The interpleader, Welsh, then insisted that the action between the plaintiff and the defendant, Sarah E. Burgwyn, was distinct from that between the plaintiff and himself upon his interplea, and therefore he asked a severance in their trials, which request His Honor declined, and the said Welsh excepted.

With a view to rebut the presumption of payment arising from the lapse of time, the plaintiff introduced, as a witness, W. W. Peebles, who stated that Thomas P. Burgwyn made a deed in trust of his property in the month of November, 1866, and after that was entirely insolvent, and that he died in July, 1867; that he was largely indebted at the close of the war, and a sale of his property in 1867, failed to pay his debts by a large amount; that witness had been his trustee and sold his property, and no part of the proceeds had been applied to plaintiff's claim. That in 1853, the said Thomas P. Burgwyn had given a mortgage to one C. F. McRae to secure to him a debt of $20,000, which was foreclosed in 1868, and the land sold for the exact amount of the debt secured; that this mortgage to McRae and the one to himself made in November, 1866, embraced all the property owned by said Burgwyn after the war. On his cross-examination this witness stated that before the war the said Bur-

gwyn was a man of large fortune—worth $150,000 in land, negroes, horses, mules, stock, &c.; that a judgment of $4,000 or $5,000 could have been collected out of him in 1859, 1860 or 1861, and but for the stay law could have been collected in 1866, prior to his making the mortgage in November of that year.

The plaintiff then introduced Samuel Calvert, who testified that he was the administrator of said Burgwyn, and that he had never paid anything on plaintiffs' claim. The defendant admitted the death of plaintiff's intestate in March, 1877; also that the endorsements on the bond of the alleged payments are in his handwriting, but denies that they were put there at the dates specified. To establish this, the plaintiff introduced one Odom, who testified that he became clerk of the superior court of Northampton county in 1868, when the papers of the office were turned over to him; that he saw the bond sued on for the first time, when this action was begun in 1877, and the endorsements were on it then; that he found it among the papers in the case of " *Jacobs* v. *Burgwyn*," which were marked and filed away in 1866. Also one Buxton, who stated that he was clerk of said court in 1866, and until the incoming of the present incumbent; that he saw the bond in suit in the spring of 1866, when it was brought to him by Jacobs, and he cancelled it and put it away with the papers in the case of " *Jacobs* v. *Burgwyn*." The plaintiff then offered to read the endorsements on the bond, to which the defendant Burgwyn objected, and upon her objection being overruled she excepted.

There were three issues submitted: the first of which was, " Has the bond sued on been paid?" and the other two related to the claim of the defendant, Welsh. Upon the first His Honor was requested by the defendants to charge the jury, " that the insolvency of T. P. Burgwyn from December, 1866, till his death was not sufficient to rebut the

presumption of payment," and also, " that the evidence was
not sufficient to rebut that presumption," both of which re-
quests His Honor declined; but instructed the jury that "it
having been admitted that more than ten years, exclusive
of the period between May 20th, 1861, and January 1st,
1870, had elapsed since the bond became due and the com-
mencement of the action, there is a presumption that the
bond has been paid; the burden of rebutting this presump-
tion is on the plaintiff. If he has failed to rebut it, you will
find the first issue in the affirmative. That in order to re-
but the presumption of payment, arising under the statute,
by the insolvency of the debtor, it is necessary to show that
the debtors have been continually insolvent from the time
the note fell due till the expiration of ten years from its
maturity. That, in this case, it is necessary for the plaintiff
to establish that T. P. Burgwyn and S. E. Burgwyn have
been insolvent since the note fell due, January 20th, 1858."
"That in order for the endorsements on the bond to rebut
the presumption of payment it was necessary for the
plaintiff to establish that they are in the hand-writing
of Jacobs and were put there by him at the dates spe-
cified in the endorsement—the endorsement itself, although
admitted to be in the hand-writing of Jacobs not being suf-
ficient, unless there is other sufficient proof to establish the
date."

Defendants excepted.    Judgment for plaintiff, appeal by
defendants.

*Messrs. Mullen & Moore* and *W. Bagley*, for plaintiff.
*Messrs. Thos. N. Hill* and *W. C. Bowen*, for defendants.

RUFFIN, J.    We can perceive no error in the refusal of
His Honor, either to dismiss the plaintiff's action, or to al-
low the defendant, Welsh, a separate trial.

As to the first:   It was so clearly the purpose of counsel

to enter a *nolle prosequi* as to the 2nd and 3rd counts in his complaint and to pursue his action on the first, and this purpose was so unequivocally expressed that it was impossible for any one, either the court or the opposing counsel, to misapprehend it; and it would be a reproach to the law if it were to sacrifice the rights of a party upon a technicality, so strict and unimportant as the one insisted on here. In looking to the intention with which it was done, and being governed in his action thereby, His Honor did exactly what was done under similar circumstances by this court in the case of *Hill* v. *Overton,* 81 N. C., 393. There, a plaintiff in the superior court had taken a nonsuit as to one of two defendants, and gone to trial as to the other one, and, after judgment, appealed. In considering the case, Judge DILLARD takes note of the nonsuit, but says he shall treat it as a *nolle prosequi,* because he understood it to have been so intended by the party.

And as to the other: While it would have been perhaps more regular, when the defendant, Welsh, made his application to be allowed to come into the cause, to have framed a collateral and distinct issue between the plaintiff and himself, still, nothing of the sort was done; but at his own instance and solicitation he was made a party defendant in this action, and having thus voluntarily gotten into the same boat with the other defendant, he ought not now to complain that he has to share the perils of the voyage with her. And besides, we do not see that any harm could possibly come to him in the matter; for as it was, there were only three issues submitted for the consideration of the jury, and all of them so simple and easy to be comprehended that they could not produce any embarrassment in the minds of the jurors.

But after much consideration bestowed upon it, we have come to the conclusion that the defendants have a right to complain of the refusal of His Honor to charge, as requested

by them, in regard to the effect of the evidence upon the point of the insolvency of Thomas P. Burgwyn.

The presumption of payment, arising from the lapse of time under the statute, is one that the law itself makes; and it has such an artificial and technical weight that whenever the facts are admitted or established, the court must apply it as an inference or intendment of the law; and so too the question, whether that presumption has been rebutted, is one of law, which, when the facts are ascertained, the court must determine, and not leave to the discretion of the jury. As was said in *Buie* v. *Buie*, 2 Ired., 87, the law intends to give to the lapse of time such technical weight as to *require* a jury to presume a payment, unless the presumption is rebutted; and "it is a question of law for the court, what circumstances, if true, are sufficient to repel it." And the same principle is disinctly recognized in *Walker* v. *Wright*, 2 Jones, 156; in *Woodhouse* v. *Simmons*, 73 N. C., 30; and by the supreme court of the state of Pennsylvania, where they have a statute similar to our own, in the case of *Cope* v. *Humphreys*, 14 Sergt. & R., 15.

The statute, while not strictly one of limitation, is in the nature of such; and under it, the lapse of time creates, not a legal bar, but a presumption of payment, which, though not conclusive, is yet *prima facie* evidence of it; and this presumption is not to be subjected to the discretion of a jury; but the law holds them bound to it if the facts are such as to put it in operation.

If the facts relied on to repel this inference of the law are disputed, or if the testimony in regard to them is conflicting, then they must be left to the jury to be ascertained, with such instructions as to the law, given by the court, as will enable them to apply it for one side or the other accordingly as they may find the facts to be. But if the facts are admitted, or if they be established by uncontradicted testimony, then it is the duty of the judge to announce the conclusion

of the law upon them, and not submit the question of payment, as an open one, to the jury.

In the case before us, there were two circumstances relied upon to repel this presumption of payment: 1. The insolvency of the principal maker of the bond, Thomas P. Burgwyn; and 2. The payment as endorsed upon the paper. These two the plaintiff undertook to make good by proof. In regard to the first, he proved by Mr. Peebles that the said Burgwyn, in November, 1866, made a deed in trust, conveying all the property he had to witness as his trustee for the payment of his debts, and from that time until his death, in the year following, he was insolvent; that in the year 1853 he had given a mortgage for $20,000 upon certain of his lands, which was foreclosed and satisfied in full, by a sale of the land in 1868; that this mortgage and the deed in trust to witness embraced all the property left him by the result of the war, and that it failed, by a large amount, to pay his debts; but that, until the war, he was a rich man, owning in lands, negroes, stock, &c., $150,000 worth of property, and that a debt of $4,000 or $5,000 could have been made out of him in 1859, 1860 or 1861, and, but for the stay law, up to November, 1866. The plaintiff also proved by Mr. Calvert, who was the administrator of said Burgwyn, that his property had failed to pay his debts, and that no payment had been made by him, as administrator, on the claim of plaintiff. This was the whole of the evidence offered as to the insolvency of Thomas Burgwyn, and being uncontradicted, and the defendant's prayer for instructions being in the nature of a demurrer to it, it was the duty of His Honor to have determined, as a matter of law, its sufficiency to repel the presumption of payment springing out of the admitted lapse of time, and he should not have submitted the question of insolvency, at all, to the jury. That the evidence offered was wholly insufficient for the end in view becomes perfectly manifest, when it is subjected to that

test which this court has prescribed in many of its decisions. *McKinder* v. *Littlejohn*, 4 Ired., 198, and *Walker* v. *Wright*, *supra*, and the cases there referred to.   There it is said that the only true rule, in such a case, is to require such a state of insolvency to be shown to have existed, during the entire ten years next after the maturity of the debt, as will prove that the debtor did not pay because he *could not*, and nothing short of this will the law permit to destroy its own inference arising from the lapse of time.   Besides this, in a case like the present, the presumption of payment, unlike that which is raised of the death of a party from his being continually absent and unheard of for seven years, is, by law, referred to a particular period of time, and has relation to the day on which the debt became due.   *Powell* v. *Brinkley*, Busb., 154.   If that be done in this instance, it will be seen that when his debt matured in 1856, Mr. Burgwyn was a man of large fortune.   So that we are of the opinion that when requested by the defendants to do so, His Honor should have instructed the jury that the evidence in regard to the insolvency of Thomas P. Burgwyn was, by the law, deemed insufficient to repel the presumption of payment arising under the statute, and he should have eliminated altogether the question of his insolvency out of the matters submitted for their consideration.

His Honor seems to have given right instructions to the jury as to the effect upon the rights of the parties, which the credits, as endorsed on the bond, should have, according to what the jury might find to be the truth in regard to them, and it may be that in coming to the conclusion they did, the jury were solely influenced by that portion of the charge and the evidence on that single point.   But it cannot be certainly known that they were, and it is that uncertainty which entitles the defendants to a new trial.   They have a right to have the question, as to the truth of those credits and their proper dates, considered of, freed from all connec-

tion with any question of insolvency, since of the latter, there is no legal evidence.

Except to clear the way for another hearing, by settling the point as to the legal right of the defendant, Welsh, to demand a separate trial, we have purposely forborne to allude to the matters in dispute between the plaintiff and him —deeming it just to all sides, that neither party should be prejudiced in another trial by an expression of any views which we may entertain.

Error. *Venire de novo.*