JOHN J. ROWLAND v. GEORGE L. WINDLEY, Adm'r.

*Notes and Bonds—Presumption of payment, evidence to repel.*

1. Proof offered to repel the presumption of payment of a bond from lapse of time, must, in order to be effectual, run through the entire period of ten years next after the maturity of the debt; Therefore in a suit on the bond of an intestate executed and payable in 1854, evidence of the administrator that he had not paid it after his qualification in 1859, is not sufficient.

2. And evidence of a joint obligor that he had not paid it, is also inadmissible to repel such presumption.

(*Grant* v. *Burgwyn*, 84 N. C., 560, (and cases therein cited); *Murphy* v. *McNeil*, 2 Dev. & Bat., 244, approved.)

CIVIL ACTION tried at Spring Term, 1881, of BEAUFORT Superior Court, before *Gilmer, J.*

This action commenced on the 12th December, 1877, in a court of a justice of the peace, and is brought by successive appeals to this court. The plaintiff declares upon a bond for two hundred dollars, executed to Horace Oden, by defendant's intestate (James S. Campbell), and Samuel B. Latham, on the 10th day of October, 1854, and payable one day after date—which bond had been indorsed to plaintiff. Amongst other defences the plea of payment was relied upon, and to rebut a presumption thereof the plaintiff proved by the defendant, who qualified as the administrator of his intestate in September, 1859, that he had not paid the bond since that date. He also offered to prove by a witness that

the other obligor (Latham) had admitted to the witness, since the action begun, that he had never paid it, but upon objection this evidence was excluded. There being no other evidence, the court held that the presumption was not sufficiently rebutted, and thereupon the plaintiff submitted to a non-suit and appealed, assigning as error this ruling of the court, and the exclusion of the testimony as to the admission of the co-obligor Latham.

*Mr. J. E. Shepherd*, for plaintiff.
*Mr. G. H. Brown*, for defendant.

RUFFIN, J. There can be no question, we think, as to the correctness of His Honor's ruling. Relying upon the decisions heretofore made in *Buie* v. *Buie*, 2 Ired., 87; *Walker* v. *Wright*, 2 Jones, 156, and *Woodhouse* v. *Simmons*, 73 N. C., 30, it was recently held in the case of *Grant* v. *Burgwyn*, 84 N. C., 560, that the presumption of payment, arising under the statute, from the lapse of time, is one which the law makes, and gives to it such artificial weight, that whenever the facts are known, the court must apply it as a legal intendment; and so, too, that the question of its rebuttal is one of law, and as such, to be decided by the court, whenever the facts are ascertained.

His Honor, therefore, properly assumed the duty of determining the question in this case, there being no conflict in the testimony bearing upon the point.

In the same case, relying upon the authority of *Powell* v. *Brinkley*, Busb., 154, it was said, that the presumption of payment under the statute, unlike that which is raised, by law, of the death of a party from a continued absence of seven years, has reference to the *particular time at which the debt became due*, and that anything offered to repel the presumption—whether it be proof of insolvency or of actual non-payment—must, in order to be effectual, run through

the entire period of ten years next after the maturity of the debt.

This view of the law is clearly supported by the case of *McKinder* v. *Littlejohn*, 4 Ired., 198, though at first glance, it may seem not to be so. There, the debt was contracted in this state, but the debtor being insolvent soon removed to Mississippi—more than a thousand miles distant—where he resided until his death, many years afterwards. His administrator being sued for the debt, pleaded payment and relied upon the statute, which the plaintiff undertook to repel, by showing the insolvency of his intestate. The proof was, that he was in destitute circumstances, during the whole of his sojourn in Mississippi, except for an interval of eighteen months, at one time, when he had possession and seemed to be the owner of property sufficient in value to satisfy the debt. It was thereupon insisted, that his was not a case of *continuous insolvency*, running through the entire time, since the debt became payable, and hence insufficient to repel the presumption. The court made the case turn upon the *distance* which separated the creditor and debtor, and the improbability of the former's having notice of an improvement in the latter's condition, which lasted only eighteen months out of twenty years, and held that these circumstances were properly left to the consideration of the jury, as somewhat in aid of the debtor's general insolvency and destitution, and therefore they refused to disturb a verdict in favor of the plaintiff.

As said by Mr. Justice Rodman in *Woodhouse* v. *Simmons*, *supra*, it is difficult to see how a ruling—going even that far—could be consistent with the true theory of a statutory presumption, having an artificial and technical weight. But be that as it may, it is manifest that without those additional circumstances—make-weights as it were—the court would have held that a break in the debtor's insolvency, extending only over so short a space of time as eighteen

months, out of twenty years, would have defeated the plaintiff's effort to get rid of the legal presumption.

In the present case, there is no pretence of any inability to pay the debt, on the part of the defendant's intestate, and nothing looking to its non-payment, by him, for the first five years after it matured. That his administrator, or co-obligor, had not paid it, afforded no room for an inference that he had not done so. Indeed, the fact that he had paid it may have been the very reason why they had not been required to do so.

If the joint obligors to an instrument are thus allowed to operate on one another, and because one has not paid to beget an inference of a like failure on the part of the other—and so *vice versa*—it would be impossible ever to raise the presumption, except in the case of a bond with a single obligor. Upon the ground of its inutility, it might be questioned whether under the circumstances of this case, direct proof of the non-payment by the joint obligor, Latham, would have been admissible—and very certainly *hearsay* evidence on that point was not competent. The declarations of one man are never competent against another, if made without the sanction of an oath, and the opportunity for cross-examination. *Murphy* v. *McNeill*, 2 Dev. & Bat., 244.

No error.                                      Affirmed.