O. P. WHITE, Admr. v. JNO. R. BEAMAN, Extr.

*Evidence—Section 590—Presumption of Payment.*

1. Where a note was given to an attorney for collection who agreed to receive one half of the amount collected for his services, but he returned the note to the executor of his client without collecting anything; *It was held*, that the attorney had never had any interest or property in the note, and was a competent witness.

2. Evidence that the plaintiff asked payment of a debt from the defendant, and that the defendant acknowledged that he owed something, and gave the plaintiff some property to be applied to the debt, which was entered as a credit on the bond sued on, is some evidence, taken with other circumstances, to rebut the presumption of payment from the lapse of time, although there is no evidence that at the time plaintiff was the owner of the bond sued on.

(*Slocomb* v. *Newby*, 1 Murph., 423; cited and approved).

CIVIL ACTION, tried on appeal from a justice of the peace, before *Gilmer, Judge,* and a jury, at February Term, 1886, of SAMPSON Superior Court.

This action was brought by the plaintiff as administrator of James White, deceased, to recover the balance alleged to be due upon the single bond set forth below, which he alleges belonged to his intestate at the time of his death.

The following is a copy of so much of the case stated on appeal, as it is necessary to set forth here:

"$209.99.      One day after February the 3d, 1852, I promise to pay Malcom Monroe, or order, two hundred and nine dollars and ninety-nine cents, for value received.

DANIEL MELVIN, (Seal)."

On the back of this note were the following entries:

"Received on the within note, two hundred and fifty dollars. By Aaron Simmons for Daniel Melvin.

"This 3d day of February, 1857."

"Received of the within note, five dollars' worth in whiskey, this 11th day of August, 1865."

The defendant relied upon the plea of payment, and contended that such plea was sustained by lapse of time and by evidence of actual payment.

The plaintiff, in order to repel the presumption of payment from lapse of time, replied that the defendant Daniel Melvin had made a payment on this note before the presumption had arisen, and as evidence of such payment offered to read the entry of August 11th, 1865, on the back of the note, and to prove the same was in the handwriting of James White, the plaintiff's intestate.

To this defendant objected, upon the ground that it did not appear by evidence *aliunde* the said entry, that the same was put on the note on the day on which it bears date, and hence

at a time when it was against the interest of the holder of the note to make such entry. The objection was sustained by the Court.

The plaintiff then offered a witness, J. H. Campbell, who testified that he, the witness, heard a conversation in the summer of 1865, he thought in June or July or perhaps August, between the defendant's testator, Daniel Melvin, and the plaintiff's intestate, James White, substantially to the effect that James White said he wanted Melvin to pay him some money. Melvin said he had no money, but would pay in whiskey, and wanted to let White have as much as a barrel of whiskey. White said he could not live on whiskey, but finally agreed to take 1, 2, 3, 4 or 5 gallons. The whiskey was to be put in a large jug or demijohn, and White said I will give you credit on your note. There was no evidence that the note sued on was in the hands of White at that time, but there was evidence tending to show that some time after this, White and Melvin had a settlement of some large amounts of indebtedness between them.

The defendant contended that this evidence was not sufficient to show that the entry was made by White on the day on which it bears date, because there was no evidence that White held the note then, the same being payable to one Monroe, and no evidence that Melvin ever knew that the note was ever in the hands of White until after the death of James White.

The Court overruled the defendant's objection and allowed the testimony of Campbell, and the entry on the back of the note to go to the jury, as evidence tending to show the payment by Melvin. To this the defendant excepted.

The plaintiff then offered one John D. Kerr, who testified that he, the witness, was a practicing attorney in this county, and as such had received the note in question from James White a while before this action commenced, for collection; that he (the witness) was to have half of what he should re-

cover upon it; that he had presented this note to Daniel Melvin who said it had been settled in the big settlement he had with White, and that he must see Wm. Devane, his attorney, about it; that he would leave it to him; that witness had written to the said attorney, and the attorney had written witness that this note was not included in the settlement; that witness had reported this to Daniel Melvin, who still said that the note was included in the settlement, and that he must see James White about it; that sometime thereafter White died, and witness had surrendered the note to his personal representative, and now had no interest in the controversy.

The defendant objected to this testimony as being incompetent under §590 of *The Code*. The objection was overruled and defendants excepted.

His Honor, in commenting to the jury upon the entry on the back of the note, told the jury if they should be satisfied that the entry was put on the note on the day on which the entry bears date, that it would be evidence for their consideration tending to show a payment, and that where a party holds two or more notes against another, that the debtor in making a payment to his creditor, had the right to direct the application of said payment, but in case he did not direct the application, the creditor had the right to make the application to any debt he pleased. But if no application was directed by the debtor or made by the creditor, then the law made the application to the debt of least security.

The defendant did not question the correctness of this principle of law, but contended that as the question before the jury was not one of the right of application, but one of fact as to whether the entry in question was made on the day on which it bears date, this principle of law had no bearing on the question, and hence excepted to the ruling of the Court.

The jury on the trial, found by their verdict, that the single bond sued upon was that of the testator of the defendant, and that the same had not been paid.   The Court gave judgment for the plaintiff, and thereupon the defendant appealed to this Court.

*Mr. A. W. Haywood,* for the plaintiff.
*Mr. J. L. Stewart,* for the defendant.

MERRIMON, J., (after stating the facts).   We think the evidence of the witness Campbell was competent, and while it was not, perhaps, sufficient of itself to rebut the presumption of the payment of the bond, yet it was properly received in connection with other evidence as tending to rebut it. This witness heard the conversation testified to by him about the time of the date of the entry of the credit of the whiskey, and this fact and the entry taken together, make some evidence to go to the jury to be considered in connection with the other evidence before them.

The objection to the competency of the witness Kerr is unfounded.   He had no title to or interest in the bond itself; he as counsel for the intestate White, the owner of it, received it for collection, and agreed to receive as compensation for his services, not the bond or one half of it, or an interest in it, but one half of the sum of money he might collect on account of it.   He had no property interest in it.   *Slocomb* v. *Newby,* 1 Murph., 423.

The exception to the instruction of the Court to the jury cannot be sustained.   The Court simply explained the rule of law as to the application of partial payments of debts, where the creditor has two or more distinct debts against the same debtor, to enable the jury to apply intelligently the evidence in respect to the credit in question entered on the bond.

We do not discover any error in the record, and the judgment must be affirmed.

No error.                                    Affirmed.