JAMES W. GRANT, Adm'r, v. J. T. GOOCH, Adm'r, et al.

*Bond—Presumption of Payment—Admissions in Rebuttal—*
*Executors—Record—Evidence.*

1. Where a single bond was executed in 1860, and more than ten years, exclusive of time between May, 1861, and January, 1870, had elapsed before the bringing of an action upon it, there is a presumption of payment or satisfaction thereof.

2. To rebut this presumption, the admissions of the maker and his administrator are both competent; but the mere admission of the administrator that *he* had not paid it would not be sufficient to rebut the presumption as to his intestate.

3. Ordinarily, evidence to rebut the statute of presumptions ought to embrace the whole period.

4. Where, in a former action in which *the same* instrument was in controversy, the administrator of the maker did not deny the *allegation* that the bond had not been paid: *Held,* that upon the trial of a subsequent action, in which the question of payment was an issue, the record of this admission could be read as evidence to rebut the presumption of payment.

5. The fact that such former action was decided in favor of the defendant, cannot avail to affect or lessen the weight of the admission.

This was a CIVIL ACTION, heard at the. May Term, 1889, of HALIFAX Superior Court, upon a report of a referee, by *MacRae, J.*

The case presented by the record is, in. substance, this: It appears that Eliza A. Phillips died in the county of Northampton prior to 1860, leaving a last will and testament, which was proven, and Joseph M. S. Rogers qualified as executor thereof. Afterwards, John J.· Long, the intestate of the defendant, executed to the said executor his single bond for $290.65, dated the 22d of May, 1860, and due at six months from date. Afterwards, the said executor died in the same county, on the 3d of July, 1876, and the plaintiff was

appointed administrator *d. b. n. c. t. a.* of the said testatrix, Eliza A. Phillips. The said Long afterwards died on the 9th of May, 1877, and Edward Conigland was appointed administrator of his estate; and afterwards, in the same year, the said Conigland died and the defendant was appointed administrator *de bonis non* of the said Long, deceased.

This action is brought by the plaintiff, administrator *d. b. n. c. t. a.* of the said Eliza A. Phillips, deceased, to recover judgment for the money due upon the single bond above specified against the defendant, as administrator *de bonis non* of the maker thereof. The defendant pleaded payment, and "that the cause of action declared on arose, if at all, more than ten years before the commencement of this action."

It appears also that on the 19th of February, 1879, W. J. Rogers, as executor of the said Joseph M. S. Rogers, who was in his life-time executor of the will of the said Eliza A. Phillips, deceased, as above explained, brought his action in the Superior Court of the said county against the present defendant administrator, &c., to recover judgment for the money due upon the single bond above mentioned, claiming and alleging that the same belonged to the estate of his testator. In that action it was expressly alleged, among other things in the complaint, "that no part of said bond (that therein specified and that now sued upon) has been paid," The defendant in that action (who is the present defendant) did not in his answer therein deny or controvert the last above recited allegation of the complaint therein.

In this case there was a reference, and the referee was charged "to hear and determine all matters of law and of fact arising herein. On the trial before the referee, the plaintiff put in evidence, the defendant objecting, the record of the action last above mentioned and referred to, for the purpose of proving that the said single bond now sued upon had not been paid, and to rebut the presumption of

payment created by the lapse of time and the statute (Rev. Code, ch. 65, sec. 18). The defendant objected, and excepted to the reception of such evidence. The referee found, as a fact, that the bond had not been paid. The Court affirmed the findings of the referee as to the law and facts, and gave judgment in favor of the plaintiff, from which the defendants appealed.

Mr. J. M. Mullen, for plaintiff.
Mr. R. B. Peebles, for defendants.

MERRIMON, C. J.—after stating the facts: The single bond sued upon in this action having been executed in 1860, and more than ten years having elapsed after its maturity, excluding the time from the 20th of May, 1861, to the 1st of January, 1870, as required by the statute (The Code, § 137), before the action began, the statute applicable (Rev. Code, ch. 65, sec. 18) raised "the presumption of payment or satisfaction" thereof. The plaintiff, however, had the right on the trial to rebut such presumption by any competent evidence to prove that the bond had not been paid or satisfied. One sort of competent evidence for that purpose was the admission of the maker of the bond in his life-time, or of the defendant, his administrator, after his death, that it had not been paid. The admissions and declarations of the latter in such respects are competent evidence, because he legally represents his intestate—has possession and control of all his personal property—rights, credits, his receipts, acquittances, his business papers, and the like; has the opportunity and means of learning of the indebtedness of his intestate, and it is his duty to do so. It is presumed that he discharges his duty properly, and that he will not admit that such bond, brought against his intestate's, estate is due and unpaid, when, in fact, it had been paid. If such bond, presumed to be paid,

has not in fact been paid, he may pay it.  *Tucker* v. *Baker*, 94 N. C., 162, and the cases there cited.  The mere admission, however, by the administrator that he had not paid the bond as to which such presumption existed, would not be sufficient to rebut the presumption ; his intestate may have paid it in his life-time.  Ordinarily, the admissions, or other evidence to rebut the presumption of payment of such bond in question, must be such in its scope, meaning and effect as will embrace the whole period of ten years, the lapse of which raises the presumption.  *Rowland* v. *Windley*, 86 N. C., 36, and the cases there cited.

Now, the present defendant, being defendant in another action determined before this one began, the bond here sued upon being the subject of that action, admitted, in legal effect, not simply that he had not paid this bond, but that it had not been paid at all, by his intestate or any person; that it remained due and unpaid.  It was alleged in the complaint in that other action, in express terms, "that no part of said bond (that now sued upon) had been paid." The defendant answered the complaint in that action as to the allegations therein, other than the one above mentioned. As to it, he was silent.  Such silence—failure to deny that the bond was unpaid—was an admission of and by the defendant that it had not been paid—not merely an implied admission, but the statute (*The Code*, § 268) provides and declares that such allegation that the bond had not been paid would "be taken as true."  This Court, in construing this statute, said, in *Bonham* v. *Craig*, 80 N. C., 224, that "the complaint alleges that there was no money paid, and the deed was the voluntary act of the grantor, and this allegation is not denied in the answer.  The fact is, therefore, admitted, and the effect of the admission is as available to the plaintiff as if found by the jury."  Other cases are to the like effect.  *Jenkins* v. *The Ore Co.*, 65 N. C., 563; *Kelly* v. *McCallum*, 83 N. C., 563.  Such admissions ordinarily

imply that they were made deliberately and of purpose, but they are subject to explanation when used as evidence. They constitute evidence against the party making them in all actions and proceedings against him, wherein they may be pertinent and competent, just as are admissions and declarations of a party made adverse to his right on any occasion. Their weight depends always upon whether or not they were made with deliberation or incautiously, and they are subject to proper explanation. *Mason* v. *McCormick*, 85 N. C., 226; *Adams* v. *Utley*, 87 N. C., 356; *Guy* v. *Manuel*, 89 N. C., 83; *Brooks* v. *Brooks*, 90 N. C., 142; *White* v. *Beaman*, 96 N. C., 122; *Smith* v. *Nimocks*, 94 N. C., 243.

The referee, therefore, properly considered the admission made by the present defendant in the answer in the action referred to in determining the question, whether or not the bond now sued on had been paid. The fact that that action was decided in favor of the defendant therein could not affect his admissions as evidence in this action. And we may add here that that action failed because the plaintiff therein was not the owner of, and entitled to sue upon, the bond—the subject of the present action. *Rogers* v. *Gooch*, 87 N. C., 442.

Affirmed.