H. E. SHANNON *v*. J. J. RESTER.

PRACTICE.  *Amendment.  Misjoinder.  Nonsuit.*

When plaintiff, in his own name, sues on several demands, one of which he holds under a verbal assignment from a partnership, it is error to refuse his application to amend so as to proceed, as to that, in the name of the partners for his use, and to dismiss as to the other claims.

FROM the circuit court of Sharkey county.
HON. J. D. GILLAND, Judge.

Shannon sued Rester on these claims: (1) An account of $79.50, which showed that it was for plaintiff's half-interest in certain cotton-seed sold defendant. (2) An account in favor of Shannon & Watts for $10.07, assigned to plaintiff. (3) An individual account in favor of plaintiff against the defendant for $13.10. Plaintiff recovered judgment in the justice's court for $22.07. An appeal was taken to the circuit court, but by whom does not appear. The record recites that the defendant made a tender in the justice's court, which was renewed in the circuit court, but the amount tendered is not stated. In the circuit court the defendant moved to dismiss that part of the demand which related to the cotton-seed, on the ground that it was shown that the plaintiff had only a half-interest in the seed and some one else the other half. This motion was overruled. Thereupon plaintiff, by leave of court, amended as to the item for the cotton-seed, so as to show a suit as to this in the name of Pemberton & Shannon for the use of Shannon. After this, the defendant moved to set aside the order granting this amendment, and to dismiss as to the item for the cotton-seed, on the ground that the suit, as amended, showed a misjoinder of parties and causes of action. The court sustained this motion, and the item of the cotton-seed was stricken from the suit. On the trial of this motion, there was evidence tending to show that Pemberton and the plaintiff, Shannon, as partners, conducted planting operations in 1889; that there was an arbitration to settle the affairs of this partnership, and, among other things, the arbitrators decided that Shannon should have the claim of $79.50 held by the firm against Rester for cotton-seed; that all the partnership business had been wound up, and that Pemberton and Shannon had settled on the basis of the award made by the arbitrators. The evidence further showed that Shannon and Rester were never partners, and that they had no joint interest in the cotton-seed. The cause then proceeded to trial, when the same facts, substantially as above set forth, were proved. For the plaintiff there was evidence

tending to show that Rester owed the $79.50, and, on the part of defendant, tending to show that the amount had been paid. The plaintiff introduced no evidence as to the other items in suit, and the testimony closed. The defendant then made a motion to set aside the order allowing plaintiff to amend, and to dismiss as to the account for $79.50. The court sustained this motion, when the plaintiff stated that he had abandoned the suit as to the other accounts, and was willing to take a nonsuit as to them, and moved the court for leave to do so, which was refused, and he excepted. The court offered to allow plaintiff to re-open his case and introduce evidence as to the smaller accounts, which was declined. Thereupon the order was granted dismissing as to the account for the cotton-seed, and a peremptory instruction was given to the jury to find for the defendant, to all of which plaintiff excepted, and from the judgment of the court he prosecuted this appeal.

*Miller, Smith & Hirsh* and *W. D. Brown,* for appellant.

The action of the court below was erroneous and unjust. It is not denied that the plaintiff had the right to maintain an action on the cotton-seed account in the name of Pemberton & Shannon for his use. This was the meaning of the suit. Even if it be true that it could not be prosecuted with the other items, where is the justice of compelling plaintiff to take a nonsuit in order to bring two separate actions? Under our liberal statutes, where was the justice of denying the right of amendment to meet the defendant's technical objection? Where a nonsuit is desired as to one of plaintiff's demands, shall the defendant be permitted to elect which shall be tried? A plaintiff has a right to strike out any count in his declaration. That right was not affected in this case by the tender.

But we submit that it was competent to join in one suit the different causes of action. The substantial right was in plaintiff, and he was not required to bring separate suits.

*McLaurin & McLaurin*, for appellee.

It was proper to strike from the suit the item of $79.50 for cotton-seed, because the plaintiff claimed only a half-interest in this. Pemberton's interest in the cotton-seed had never been assigned to Shannon in writing, therefore he could not sue for the same in his own name. Code 1880, § 1507.

Allowing the amendment as asked, made two sets of plaintiffs. Shannon was properly before the court as a plaintiff in his individual right. Allowing the names of Pemberton and Shannon to be introduced in the suit for the use of Shannon as to the item for cotton-seed, created a misjoinder of plaintiffs. The order granting the amendment was improperly made, therefore the court did right to set it aside. The tender was made to avoid subsequent costs. After large costs had accrued subsequent to the tender, the court properly refused to allow the name of a new plaintiff to be introduced. The amendment could not be made at all, except upon condition that plaintiff would pay all costs, and he did not offer to do this. The truth is, the proposed change was not an amendment, but the effort was to create a new suit as to part of the demand. A plaintiff will not be allowed to take a nonsuit by piecemeal, and especially will he not be allowed to enter a nonsuit as to a claim upon which he is properly in court and upon the ruins thereof prosecute a separate suit without paying the court costs. The item for the cotton-seed being stricken out, and there being no evidence as to the other accounts, the court properly instructed the jury to find for defendant. Taking all the rulings together, the action of the court below was correct.

CAMPBELL, C. J., delivered the opinion of the court.

This case may not be presented to us as it appeared to the circuit court, but the result cannot be approved. By it the plaintiff was made to lose a sum which the defendant admitted that he owed, and tendered and brought into court for the plaintiff.

The plaintiff should have been allowed to dismiss his action as to the accounts as to which he offered to dismiss, and to amend and proceed for the other account. It is not for the defendant, or the court for him, to elect on which of his claims the plaintiff will demand judgment. The court was right in permitting the plaintiff to amend, as he did, and wrong in afterwards changing the order and compelling him to abandon the claim on which he desired and proposed to demand judgment.

*Reversed, and leave given the plaintiff to amend by striking out all except the account for cotton-seed, and to proceed with the suit thus amended, and cause remanded for further proceedings in the circuit court, in accordance with this opinion.*