J. S. COX, Administrator, *v.* R. A. BROWER et al., Executors of
Susannah Carr.

*Presumption of Payment of Legacies—Non-residents.*

1. Where twenty years have elapsed between the time when suit might
   have been instituted for the recovery of legacies and the actual
   date of suit the law will, for the sake of repose and to discourage
   stale claims, raise a presumption that the legacies have been paid
   or satisfied, or that the claim therefor has been abandoned.
2. Such presumption would not be rebutted although it should be shown
   that the interval between the death of the legatee and the appoint-
   ment of an administrator had been sufficient to reduce the period
   during which there was a person to bring action to less than
   twenty years.
3. The fact that a legatee was at the time of the death of the testator a
   non-resident of the State will not excuse his laches and delay in
   bringing suit, since he had the right to sue and the Courts were
   at all times open to non-residents as well as residents of the State.

This ACTION was begun 30th January, 1892, by the plain-
tiff as administrator of four deceased legatees under the
will of Susannah Carr, deceased, against the executors of
the deceased executor of said will for an account, and to
recover the legacies, and tried at the Special Term, 1893,
of the Superior Court of RANDOLPH, before *Boykin, J.*

The evidence was that the will of Susannah Carr was
proven at the August Term, 1859, of Randolph County
Court, and that Alfred Brower, the executor named therein,
filed inventory of the estate at the November Term of said
Court following, as was also report of sale made 30th
August, 1859; that the legatees were non-residents of this
State before and at the date of the death of Susannah Carr.

Alfred Brower, executor of Susannah Carr, died in 1887.

The plaintiff brought a special proceeding before the
Clerk against the defendants for the same cause of action

and for same relief on April 13, 1891, which was dismissed sometime between Fall Term, 1891, and Spring Term, 1892, for want of prosecution bond.

The plaintiff qualified as administrator of deceased legatees September 2, 1889.

His Honor held that the action was barred by lapse of time, and instructed the jury so to answer the issue submitted. The plaintiff excepted. The jury answered as instructed, and there was judgment for defendants, from which plaintiff appealed.

*Mr. J. T. Morehead*, for plaintiff (appellant).
*Messrs Shaw & Scales* and *Robbins & Long*, for defendants.

BURWELL, J.: It seems to have been conceded that more than twenty years elapsed between the date when the intestates of plaintiff, legatees under the will of Susannah Carr, might have maintained suits to recover their legacies and the date when suit was brought by the plaintiff for that purpose. This being true, the law, for the sake of repose and to discourage "stale claims," raises a presumption that these legacies have been paid, or the claim therefor satisfied in some way, or that it was abandoned. *Wilkerson v Dunn*, 7 Jones, 125. Mr. Lawson, in his work on Presumptive Evidence, lays down the following rule: "No. 71. Independently of a statute of limitation, or in the absence of one, after a lapse of twenty years, the law raises a presumption of the payment of bonds, mortgages, *legacies*, taxes, judgments, the due execution of a trust and the performance of a covenant"; and he quotes from *Foulk* v. *Brown*, 2 Watts, 216, this approval of it: "The rule of presumption, when traced to its foundation, is a rule of convenience and policy, the result of a necessary regard to the peace and security of society. No person ought to be permitted to lie

by whilst transactions can be fairly investigated and justly determined until time has involved them in uncertainty and obscurity, and then ask for an inquiry. Justice cannot be satisfactorily done when parties and witnesses are dead, vouchers lost or thrown away, and a new generation has appeared on the stage of life, unacquainted with the affairs of a past age, and often regardless of them. Papers which our predecessors have carefully preserved are often thrown aside or scattered as useless by their successors. It has been truly said that if families were compelled to preserve them they would accumulate to a burdensome extent. Hence statutes of limitation have been enacted in all civilized communities, and in cases not within them prescription or presumption is called in as an indispensable auxiliary to the administration of justice." This presumption, standing alone, is conclusive in the law, and is so to be declared by the Court, and not to be left to the jury to determine its effect. *Grant* v. *Burgwyn*, 84 N. C., 560; *Alston* v. *Hawkins*, 105 N. C., 3; *Buchanan* v. *Rowland*, 5 N. J. Law, 721; *Rowland* v. *Windley*, 86 N. C., 36. But the plaintiff had the right to rebut this presumption if he could "by showing (at any time during the period which creates the presumption) an acknowledgment of the debt by the debtor, or a payment of part of it, or a known or notorious insolvency or incapacity of the debtor, or by evidence of the relation, situation or intention of the parties, or by other circumstances explanatory of the delay." Lawson, *supra*, rule 74. Whether the presumption has been rebutted is a question of law, the facts being ascertained, and the Court must determine that question and not leave it to the discretion of the jury. *Grant* v. *Burgwyn* and *Rowland* v. *Windley*, *supra*. His Honor properly held that the facts upon which the plaintiff relied to establish his rebuttal were not sufficient in law.

No importance whatever is to be attached to the fact that the legatees were non-residents of this State at the date of the death of the testatrix. The Courts here were open to them as to residents. They had the right to sue if what was due to them was not paid. Having the opportunity and the capacity so to do, it is presumed that they would have exercised that right if their claims had not been satisfied. The same reasons that make it expedient to enforce this presumption against residents of the State prove that it would be inexpedient to make an exception in favor of non-residents.

The record does not show when the legatees, the plaintiff's intestates, died. Assuming that they were alive when the legacies became due, the plaintiff having introduced no evidence to show that they were not, we must hold that the presumption would not be rebutted, though it had been shown that the interval between the death and the appointment of an administrator had been sufficient to reduce the period during which there was a person to bring an action to less than twenty years. *Hall* v. *Gibbs*, 87 N. C., 4.

No Error.