## WHITMAN v. O'DONOVAN.

(Supreme Court, Special Term, New York County. May 16, 1913.)

DISMISSAL AND NONSUIT (§ 12*)—DISCONTINUANCE OF ONE OF SEVERAL CAUSES OF ACTION.

Plaintiff may discontinue upon payment of costs, where no counterclaim is interposed and no substantial rights of third parties have accrued, and may likewise discontinue one or more of the several causes of action alleged in the complaint, where no rights of defendant would be affected, and justice would be thereby promoted, by securing a speedy trial of such causes of action in a separate suit, unembarrassed by the presence of another cause of action, to which there was interposed a serious defense.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 27; Dec. Dig. § 12.*]

Action by one Whitman against one O'Donovan. On motion for leave to discontinue certain causes of action alleged. Motion granted.

Katz & Sommerich, of New York City, for the motion.

Harry R. Kohn, of New York City, opposed.

PAGE, J. The complaint in this action sets forth four separate and distinct causes of action against the defendant for goods sold and delivered, in each of which the plaintiff is suing as assignee of entirely different persons. The first, second, and fourth causes of action are admitted by the answer, except that the defendant denies knowledge or information thereof sufficient to form a belief as to the respective assignments to the plaintiff. To the third cause of action a general denial is interposed, and two separate counterclaims for breach of warranty on the part of the plaintiff's assignor. This motion is made by the plaintiff for leave to discontinue the first, second, and fourth causes of action upon payment of costs. The avowed purpose of the motion is to make it possible for the plaintiff to commence separate actions upon these counts, which are practically admitted by the defendant, and to bring them to a speedy trial without the incumbrance of the issues tendered by the denial and separate defenses to the third count; the plaintiff having already moved to advance the case to the short-cause calendar, and his motion having been denied because of the third cause of action.

The right of a plaintiff, upon payment of costs, to discontinue an action which he has commenced, where no counterclaim has been interposed, and no substantial rights of third parties have accrued, is well recognized in this and other jurisdictions, and his reasons for desiring to do so are immaterial. The present case is an unusual one only in that the plaintiff, having joined four causes of action in one complaint, now seeks to discontinue, not the entire action, but only as to three causes of action, leaving one complete cause of action to be prosecuted to judgment. I am unable to find a reported case in which such a motion has been made at Special Term. Upon the trial of an action the plaintiff is often allowed to abandon a portion of his complaint, and enter a discontinuance thereon, and proceed with the trial on the counts upon which he chooses to rely. This right was recog-

nized in this state in an early case (Brown v. Feeter, 7 Wend. 301), and has been repeatedly affirmed in the decisions of other states (Holliway v. Holliway, 77 Mo. 392; Grant v. Burgwyn, 84 N. C. 560; Hall v. Briggs (18 Pick.) 35 Mass. 503; Shannon v. Rester, 69 Miss. 238, 13 South. 587. The rule is stated in 14 Cyc. 410:

"In actions at law, plaintiff may withdraw, dismiss, or enter a nolle prosequi as to a part of his demand or cause of action, where such action does not prejudice the rights of other parties and is taken at the proper time."

It has been held in New Jersey, however, that under the old chancery practice a complainant cannot discontinue his own bill as to a part of the relief prayed and proceed with the residue, but must apply to amend his declaration. Camden & Amboy R. R. v. Stewart, 19 N. J. Eq. 69.

In the case at bar no rights have accrued to the defendants, which can be affected by a discontinuance of the first, second, and fourth causes of action, and the ends of justice would be promoted by their severance and speedy trial upon the short-cause calendar, as the proof required by the plaintiff thereon only relates to the assignment, and could be made in a few minutes. The right of the plaintiff to obtain this relief, by amending his complaint striking out these causes of action, could scarcely be questioned, and I see no reason why the same relief should not be granted on this motion as an incident to the inherent right of a party to discontinue any cause of action upon payment of costs, when other parties are not thereby prejudiced.

The motion is granted, upon payment of costs to date.